ALFRED CHRISTIANSON v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

June 3, 1895.

Nos. 9242—(89).

**Pleading—Personal Injury—Release.**

The answer in an action for personal injuries alleged a release and discharge of the cause of action, and the reply was a general denial.    Upon the trial the defendant gave in evidence a written release signed by plaintiff, who, in rebuttal, when the instrument was shown to him, testified that he knew the name, but not the paper, and that he never saw the release until it was produced at the trial, and offered to prove that he never settled or released his cause of action, or ever talked about it with any of the defendant's agents; that the defendant had made him a present of $25, because of his poverty, and asked him to sign a receipt for the same; and that such receipt was the only paper he ever signed.    *Held*, that it was error for the trial court to exclude the offered evidence.

[1] Reported in 63 N. W. 639.

Appeal by plaintiff from an order of the district court for Jackson county, P. E. Brown, J., denying a motion for a new trial. Reversed.

*T. J. Knox* and *L. F. Lammers*, for appellant.

*Lorin Cray* and *S. L. Perrin*, for respondent.

START, C. J.    This is a personal injury case.    The complaint alleges that the plaintiff was, by the negligence of the defendant and its servants, run over by a hand car, whereby he was seriously and permanently injured.    The defendant, by its answer, admits that the plaintiff was injured by being struck and run upon by a hand car on its railway, alleges contributory negligence on his part, and alleges that before the commencement of the action the plaintiff released, acquitted, and discharged the defendant, for a valuable consideration, of and from all causes of action, claims, and demands arising from or growing out of the injuries so received.    Other than as might be inferred, if at all, from the foregoing language of the answer, it did not state or suggest that the plaintiff had ever executed to the defendant a written release of his cause of action.    The reply was a general denial.

Upon the trial the plaintiff introduced evidence tending to establish the allegations of his complaint, and a cause of action against the defendant, and rested.    The defendant then called Nelson Cray, its claim agent, as a witness, who testified that he settled with the plaintiff for his injuries received from falling off a hand car, and paid him $25, and that he signed a paper at that time.    The paper was produced, and the witness testified that plaintiff signed it in his presence.    F. K. Saunders, the defendant's section foreman, was also called as a witness, and gave substantially the same evidence. The paper, which is designated in the record as "Exhibit A," was then offered and received in evidence, against the plaintiff's objection and exception.    It is a formal, written release, whereby the plaintiff, in consideration of $25, released the defendant "of and from any and all cause or causes of action, costs, charges, claims, or demand, of whatever name or nature. in any manner arising or to grow out of the injury received on or about May 14th, 1892, by being run over by a hand car,   *   *   *   causing the fracture of right limb between knee and hip joints."

In rebuttal the plaintiff was called as a witness, and, on being shown Exhibit A, testified that he never saw it before the trial; that he knew the name, but not the paper.   He admitted he signed a paper, and that the signature to Exhibit A was his.   He was asked by his counsel several questions, to the effect whether or not he ever had any talk with the claim agent or section foreman, or any one else, about settling his case. and whether they did not tell him the $25 was a present to him, which the defendant was giving him out of kindness, which were severally objected to by the defendant as incompetent, immaterial, and not in issue by the pleadings. The objections were sustained. and the plaintiff excepted.   Thereupon ·he offered to prove that he never made any agreement or settlement with the defendant or its agents in reference to his claim for damages against it, and never talked with any of such agents about such settlement; that he could not read the English language, and the first knowledge that he had signed a paper relating to his claim was when Exhibit A was produced on the trial.   He further offered to show that the only paper signed by him was one at the request of the witness Saunders, who represented it to be a receipt for $25. which the defendant made him a present of, on account of his poverty; that the only matter explained to him was that the defendant had made him a present of $25, and he was asked to sign a receipt; and that such receipt was the only paper he ever signed.   This offer of evidence was refused by the court for the reason that the defense sought to be proved was not pleaded in the reply.   Exception by plaintiff.   Verdict for defendant, by direction of the court, exception by plaintiff, and from an order denying his motion for a new trial he appeals.

The only question for our consideration is whether the trial court erred in refusing to receive the proffered evidence.   It is a question of pleading, as the ruling was based upon the sole ground that the defense sought to be proved had not been pleaded.

It is important to determine, at the outset, just what the defense sought to be proved was, for if it was to the effect that the plaintiff in fact made a settlement of his cause of action, and knowingly made (not simply signed) and delivered a release of the same, but was induced to do so, by the false representations and fraudulent practices of the defendant's agent, then the ruling of the court was

manifestly correct, because the defense would in such case amount to a confession and avoidance.

The decisions of this court relied upon by the respondent are all of this character. Thus Finley v. Quirk, 9 Minn. 179 (194), was a case where it was admitted that a sale of a horse in fact had been made; but the defendant sought to avoid liability on a warranty of the horse by showing that the sale was made on Sunday, and it was held that this was a matter in confession and avoidance, and not admissible under a general denial. In Daly v. Proetz, 20 Minn. 363 (411), the defendant admitted that he released a prior chattel mortgage, and took a new one, whereby the plaintiff's mortgage became a first lien; and he sought to avoid the effect of the release admitted to have been made by showing that he was induced to do so by the fraud of the mortgagors, and it was held that he could not do so under a general denial. Brown v. Eaton, 21 Minn. 409, was an action for specific performance of a contract to convey land; and it was held that the defendant could not, under a general denial, avoid his contract by showing that he had a wife, that she did not sign the contract, and that the land was his homestead. Kennedy v. McQuaid, 56 Minn. 450, 58 N. W. 35, was only an application of the rule that matters in confession and avoidance could not be given in evidence under general denial.

These cases are only illustrations of the general rule of pleading that under a general denial no fact can be given in evidence which does not go directly to disprove the act alleged by the opposite party; that matters which admit the act, but avoid its effect, or discharge the obligation, cannot be given in evidence under the general denial. On the other hand, if the evidence offered by the plaintiff in this case did not admit the act alleged, viz. a release and discharge of his cause of action, but tended to disprove the act, it was admissible, and the court erred in excluding it, for any facts may be proved under a general denial, although apparently new matter, which, instead of admitting and avoiding, tend to disprove, those alleged by the opposite party. Such facts support the denial. Bliss, Code Pl. §§ 327, 328.

The evidence offered by plaintiff which was rejected went directly to the point that he never released and discharged his claim, and supported the denial in his reply. He did not, as respondent as-

sumes, admit that he made the release. It requires something more than the mechanical act of signing one's name to a paper or writing to constitute a making or execution of a written instrument. The assent of the party must go with the act of signing, and the instrument must be delivered. His offer was not to show facts avoiding a release which he had made and delivered, but to disprove the alleged fact that he had settled and released his claim, and that he did not make the contract or release which he apparently did make, and that the only paper he did sign was a receipt for $25 presented to him by the defendant on account of his poverty. Clearly, this offer was not a confession and avoidance, so as to bring it within the decisions of this court to which we have referred, but it falls within the rule that any facts which tend to disprove the allegations of the opposite party may be given in evidence under the general issue, and it was error for the court to exclude the evidence to prove it.

Order denying a new trial reversed, and new trial granted.

CANTY, J. I concur in the result in this case for the reason that defendant, in its answer, does not plead or suggest that any written contract of release or satisfaction was ever made.

The defense is stated in the answer as follows: "(6) Defendant alleges that after plaintiff received such injuries by being struck or run upon by said hand car, as hereinbefore mentioned, and on or about the 28th day of June, 1892, the plaintiff, for a valuable consideration, duly released, acquitted, and discharged this defendant of and from any, every, and all cause or causes of action, claims, and demands, of whatever name or nature, in any manner arising or to grow out of such injuries so received, and duly acknowledged full payment, satisfaction, and discharge of all causes of action, claims, and demands arising or to grow out of any and all such injuries."

It was well settled that under the general issue, at common law, the defendant could show that the execution of the instrument sued on was procured by fraud. But this practice is wholly contrary to the spirit and intent of the Code. Pomerov. Rem. (2d Ed.) §§ 645, 656 to 664. In this respect, code pleading follows the rules of equity, rather than those of the common law. Under the code practice, if the defendant. on the trial, is compelled to admit the

apparent cause of action set up in the complaint, he cannot, under a general denial, then proceed to avoid that apparent cause of action, and show that, by reason of other facts, it is only apparent, and that no cause of action in fact exists. This is the theory of all the cases decided by this court, and cited in the majority opinion. The object of the Code is to compel each party to apprise the other, in his pleadings, of the facts on which he intends to rely.

But the defendant, in this case, has not apprised plaintiff that it intended to rely on a written release. The plaintiff, on the trial, was not obliged to confess, and did not confess, the apparent defense set up by defendant in its answer. The defendant pleaded only the ultimate fact that plaintiff had, for a consideration, released defendant. Plaintiff was not supposed to know that defendant intended to prove a written release, and, in his reply, was not obliged to anticipate any such written release. If it was a case where the plaintiff would be compelled to seek affirmative equitable relief to set aside the written instrument, the rule would be different, and plaintiff would be compelled to anticipate such written instrument, whether it was pleaded or not. But this is not such a case. The defense interposed to this written instrument is purely legal. For the purpose of confession and avoidance, under code pleading, the apparent defense set up in this answer is not the apparent defense set up on the trial. If the defendant would compel plaintiff to plead specially to this defense, it should have pleaded the defense in a more special manner.