FARMERS' WAREHOUSE ASSOCIATION OF SLEEPY EYE v. JAMES MONTGOMERY.[1]

May 20, 1904.

Nos. 13,801—(62).

**Accounting by Agent.**

The complaint alleged that the defendant was employed as plaintiff's agent and manager of its business, and as such received to its use a stated sum of money, and that he had paid to it or expended for it a stated sum, and no more. The answer contained a general denial, and alleged that the defendant, in the course of his employment, at times and frequently collected and received funds and moneys for the plaintiff, but that he duly paid over and delivered to the plaintiff all such moneys and funds. *Held:*

1. That the burden was on the defendant to show that he had paid to or expended for the plaintiff in its business all moneys belonging to it coming to his hands.

[1] Reported in 99 N. W. 776.

2. The findings of the referee as to the amount of moneys received for the plaintiff by the defendant, and as to the amount paid by him to it or expended for it, are sustained by the evidence.

3. Rule applied that an agent cannot make a profit for himself in the business of his agency.

Action in the district court for Brown county to recover $4,091.59, money received by defendant to plaintiff's use. By consent the case was tried before a referee, who found in favor of plaintiff for $3,638.49. From an order, Webber, J., denying a motion for a new trial provided plaintiff should consent to a reduction of the amount found due to $3,599.19, defendant appealed. Affirmed.

*John Lind & A. Ueland* and *Albert Steinhauser,* for appellant.

A good test of the sufficiency of evidence is to inquire whether the material allegations of the complaint put in issue by the answer are proven. In the complaint it is alleged that there has come into defendant's hands as plaintiff's agent and manager a certain sum of money. If the complaint stopped there, of course it would not state a cause of action. But it alleges further that the defendant has disbursed and accounted for less than he received, stating the difference. If this is a material allegation, as certainly it is, it had to be proven before the plaintiff was entitled to judgment. The very gist of the action is the allegation that the defendant not only received and disbursed money, but that he received more than he disbursed or accounted for, and that he has a balance in his hands belonging to the plaintiff which he refuses to pay. This allegation had to be established by competent evidence. To receive money, both as shown by the complaint and the evidence, was the very purpose of defendant's employment. To disburse money, as the complaint and evidence show that he did, was part of his duty. Is it to be presumed, without proof, that he did not discharge his duty; that he wrongfully appropriated to his own use the property of the plaintiff; that he is guilty of embezzlement? It makes no difference that the allegation is negative in form. Where an averment, though negative in form, is a substantive part of the necessary allegations in the complaint, then, like every other substantive part of plaintiff's cause of action, it must be established by the preponderance of evidence on the part of plaintiff, or he fails in his

action.   To say that it was incumbent upon the defendant to show that he had paid over or had accounted for all the money received in the business involves the proposition that it was incumbent on him to prove affirmatively that he had done no wrong, simply because the plaintiff said on paper that he had.   The guiding principle is that the law presumes that a man has done his duty, that he has committed no wrong until the contrary is shown.   1 Greenleaf, Ev. §§ 78, 80;  Taylor, Ev. (8th Ed.) § 365;  1 Jones, Ev. § 178;  Brown v. Farnham, 58 Minn. 499, 501;  5 Am. & Eng. Enc. (2d Ed.) 28;  Morrison v. Clark, 7 Cush. 213;  Williams v. East India, 3 East, 192; Evans v. Birch, 3 Camp. 10.

*Somerville & Olsen,* for respondent.

STAPT, C. J.

The complaint herein alleged that from November 1, 1899, to January 1, 1902, the defendant was the agent and manager of the plaintiff in charge of its business of buying and selling grain, farm products, machinery, implements, and twine, and in operating a grain elevator and conducting a grain elevator business at Sleepy Eye, this state; that on November 1, 1899, there was in the keeping and control of the defendant, as such agent and manager of the plaintiff, the sum of $3,009 in money, the property of the plaintiff; that during the time stated the defendant, as such agent and manager, received and had in his care and control the further sum of $250,517.07 in money of the plaintiff, the same being the proceeds from all sources of its business managed by the defendant; that the gross total so received for the plaintiff by the defendant was $253,526.07, and during the same time the defendant paid out for the plaintiff in the conduct of its business the total sum $246,174.86, leaving a balance in his hands of $7,351.21, no part of which has been paid except the sum of $3,259.62; and, further, that plaintiff demanded the payment of the balance, $4,091.59, from the defendant, and he refused to pay the same.   The complaint asked judgment for such balance.

The answer admitted that the defendant was in the employ of the plaintiff, and that at times, and frequently, he received and collected funds and money for the plaintiff, but alleged that all funds and moneys of the plaintiff that came into the defendant's hands or custody while

in the employ of the plaintiff were duly paid over and delivered to the plaintiff. Other than this the answer denied the allegations of the complaint.

The cause was tried by a referee, who made his findings of fact, and as conclusions of law therefrom directed judgment for the plaintiff for the sum of $3,638.49, which sum was reduced on a motion for a new trial by the district court to the sum of $3,599.19. The defendant appealed from an order denying his motion for a new trial.

The principal question relied upon by the defendant for a reversal of the order is that the findings of the referee to the effect that the defendant paid to and for the plaintiff $249,434.48, and no more, are not sustained by the evidence. There was evidence introduced on behalf of the plaintiff fairly tending to show that the defendant during the time stated in the complaint received for the plaintiff the sum of $253,-033.67. The complaint admits and alleges that the defendant paid out in the conduct of the plaintiff's business and to it the aggregate sum of $249,434.48. This leaves prima facie unpaid and unaccounted for a balance of $3,599.19, if the burden is on the defendant to show that he paid to or for the plaintiff all money coming into his hands belonging to the plaintiff. The defendant offered no evidence as to such payments and expenditures, nor any evidence except as appeared incidentally on his cross-examination, when called for that purpose by the plaintiff.

The question as to the burden of proof in this case is, then, an important one. The burden was clearly on the plaintiff to show that the defendant received for its use and benefit a sum of money in the aggregate greater by $3,599.19, the amount for which judgment was ordered, than the amount admitted by the complaint to have been paid and accounted for by the defendant. But was the plaintiff bound to go further, and show that the defendant paid and accounted for no more than the amount so admitted? It is the contention of the defendant that such burden was upon the plaintiff. His claim is that:

Where an averment, though negative in form, is a substantive part of the necessary allegations in the complaint, then, like every other substantive part of plaintiff's cause of action, it must be established by the preponderance of evidence on the part of plaintiff, or he fails in his action. To say that it was incumbent

upon the defendant to show that he had paid over or had accounted for all the money received in the business involves the proposition that it was incumbent on him to prove affirmatively that he had done no wrong, simply because the plaintiff said on paper that he had. The guiding principle is that the law presumes that a man has done his duty, that he has committed no wrong until the contrary is shown.

The premises of this proposition, although correct, have no application to the allegations of the complaint in this action, for the gist of the plaintiff's alleged cause of action is not the negative allegation that the defendant has not paid and accounted for the money received by him to the plaintiff's use, except as admitted, no more than an allegation of nonpayment in a complaint on a promissory note is the gist of the action. The complaint alleges that the defendant received in the aggregate a stated sum for the plaintiff, and has paid and accounted for only an admitted sum. It charges the defendant neither with a criminal nor a fraudulent act. The answer alleges as a defense that the defendant has duly paid over and delivered to the plaintiff all money received by him for the plaintiff. This action, then, is one by a principal against his agent for money had and received, and the agent tenders the defense of payment. Upon the pleadings we hold that the burden of proving that the defendant had paid and accounted for the money received by him for the plaintiff in a sum greater than that admitted in the complaint was upon the defendant. Marshall & Ilsley Bank v. Child, 76 Minn. 173, 78 N. W. 1048; Liesemer v. Burg, 106 Mich. 124, 63 N. W. 999.

It is, however, claimed in effect by the defendant that the facts admitted or established on the trial as to the method of carrying on the business of the plaintiff make it inequitable to place upon the defendant the burden of proving every item of expenditure in a business extending over a period of twenty-six months, and amounting approximately to $250,000.

The evidence tended to show that the defendant managed the business which was conducted in the name of the plaintiff, and that a bank account was kept in its name; that all deposits in the bank were made by the defendant, and that he checked out money by issuing grain

tickets, which were paid by the bank, and by issuing ordinary bank checks; that to a limited amount checks were drawn upon the bank account by officers of the plaintiff; that the defendant received the mail of plaintiff and all remittances for grain sold, and collected money for machinery and twine sold by him; that the wheat books, shipping books, time and shipping accounts kept by the defendant were left in plaintiff's safe when he left the plaintiff's service, which, with all books and records relating to the business, were in the plaintiff's possession at the time of the trial; and, further, that a month or more before the trial, at defendant's request, all the books were turned over to him for examination by the plaintiff, and were examined for the defendant by an accountant, who was present in court at the trial. The books were returned to the plaintiff when the defendant was through with them, and were produced at the trial. The evidence tends to show other facts relating to the course of the business carried on by the defendant.

We have examined and considered the whole evidence, and fail to perceive any inequity in requiring the defendant to show the amount paid to the plaintiff or expended for it from the moneys received by him for it. If he had been denied the right to fully examine the books kept by him, or under his direction, by an accountant of his choice, we should have a different case. Necessarily, with free access to such books, he was in a better situation than any one else to show what disposition he made of the money of the plaintiff received by him to its use. We are of the opinion that both upon the pleadings and evidence the burden was upon the defendant to prove the allegation of his answer that he duly paid over and delivered to the plaintiff all moneys and all funds of the plaintiff that came to his hands and custody while in the employ of the plaintiff. The defendant lays special stress on the fact that the referee debited him with the sum of $3,000.09 deposited in the bank in plaintiff's name at the time he took charge of plaintiff's business. The evidence tends to show that this was a part of the funds of the plaintiff placed in the control of the defendant; hence it was properly charged to him.

The defendant in like manner objects to an item of $275 charged to him by the referee. The facts as to this item are that the plaintiff was the agent of a manufacturing company for the sale of its machinery, and the defendant was the agent of the plaintiff in making such sales,

and the company promised to give the defendant in the aggregate $275 if he would make extra efforts to sell the machinery. That amount was paid to him in instalments, $75 in one year and $200 the next year, by crediting on the accounts of the company against the plaintiff in the aggregate $275 more than was actually paid, whereby it would appear that the defendant had paid out for the plaintiff that amount more than he in fact had paid. It is true that the plaintiff was indebted to the company to the full amount credited, but this does not change the essential character of the transaction. It was a profit made by an agent in his employment. It also placed the agent in a position where duty and interest might conflict. The defendant was rightly charged with the amount so received. Snell v. Goodlander, 90 Minn. 533, 97 N. W. 421.

Only one other matter merits special consideration. The defendant testified that:

> I never spent or used any of the plaintiff's money for my private purpose. Whatever amounts I received for the plaintiff were either deposited in the bank, or paid for grain, or paid for expenses in and around the elevator.

It is urged that the referee disregarded entirely this uncontradicted testimony of the defendant. There is at least some indirect contradiction of the conclusions stated by the defendant. The treasurer of the plaintiff testified that all the money handled by him during the time of the defendant's employment was a few trivial sums that were drawn out of the bank for the payment of the directors, and, further, that no money from the wheat, or machinery, or grain, or anything of that kind came into his hands But this aside, we are of the opinion that the testimony of the defendant, considered as a whole, was such that the referee was not bound, as a matter of law, to accept as conclusive his wholesale conclusion to the effect that he had paid to the plaintiff or expended for it all the money he received to its use. Lang v. Ferrant, 55 Minn. 415, 57 N. W. 140; Kennedy v. McQuaid, 56 Minn. 450, 58 N. W. 35; Robbins v. Legg, 80 Minn. 419, 423, 83 N. W. 379. Whether the defendant paid to or expended for the plaintiff any greater amount than that admitted in the complaint was, upon the whole evidence, a question for the referee, and we cannot disturb his finding.

Order affirmed.