FELIX TRAINOR and Another v. JOSEPH M. SCHUTZ.[1]

June 1, 1906.

Nos. 14,778—(90).

**Renewal of Lease—Notice.**

Action to recover for three months' rent of a flat upon a lease containing a covenant that the tenant would, thirty days before the expiration of the lease, give notice that the premises would be vacated at that time; otherwise, the lessor might at his option continue the lease for another year. *Held* that, the notice required by the covenant not having been given, the lessor might, and did, exercise the option to continue the lease for another year by permitting the lessee to remain in possession of the premises after the expiration of the first year.

**Fraud—Pleading.**

Where the defendant intends to rely upon fraud in procuring the execution of a written instrument set out in the complaint, he must allege in his answer the facts constituting the fraud.

**Parol Evidence.**

It was error for the trial court to receive parol evidence tending to show that the covenant was inserted in the lease contrary to the agreement of the parties and without the knowledge or consent of the lessee.

**Evidence.**

It was not error to refuse to receive in evidence the declarations of the lessee's son when he delivered the keys of the flat to the janitor as directed by his father.

[1] Reported in 107 N. W. 812.

Action in the municipal court of Minneapolis to recover $120 and interest for rent in arrears upon a written lease. The action was tried before C. L. Smith, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiffs appealed. Reversed.

*Smith & Thompson,* for appellants.

*Wilson & Mercer,* for respondent.

START, C. J.

On August 20, 1902, the plaintiff, as party of the first part, and the defendant, as party of the second part, entered into a written lease by which the plaintiffs leased a flat owned by them to defendant for one year, beginning September 1, 1902, and ending on the last day of August, 1903. The defendant in and by the lease covenanted that he would, at the expiration of the time therein recited, quietly yield and surrender the premises to the plaintiffs in such condition as therein covenanted, and, further,

> To give said party of the first part written notice thirty days before the expiration of this lease, if premises will then be vacated; otherwise, party of the first part shall have option of continuing this lease for one year without notice to party of the second part.

This action was brought in the municipal court of the city of Minneapolis to recover from the defendant $120 for the rent of the flat for the months of June, July, and August, 1904. The complaint alleged the making of the lease, and specifically set out the provisions thereof which we have quoted, and alleged that the stipulated notice was not given; that the defendant remained in possession of the flat until July 1, 1904, and the plaintiffs continued the lease for one year from September 1, 1903; that the defendant has not paid the rent for June, July, and August, 1904. The answer, after denying all the allegations of the complaint not admitted and alleging the defendant's construction of the written lease, alleged that

> No consideration for continuing the said lease for any longer period of time was ever made or agreed upon between the said parties, and that no such provision ever became a part of the

contract, but that if it did become such part that it was waived by mutual consent prior to or at the time of the expiration of the said lease for one year.

The reply put in issue the new matter alleged in the answer. A trial of the cause resulted in a verdict for the defendant, and the plaintiffs appealed from an order denying their motion for a new trial.

1. On a trial of the action the plaintiffs proved the execution of the written lease by both parties, and it was received in evidence, and introduced further evidence to the effect that the defendant never gave the notice provided for in the lease and that he remained in possession of the premises as alleged in the complaint. They then called the defendant for cross-examination, who testified to the effect that he gave the keys of the flat to his son and directed him to give them to the janitor of the flat. They then called the janitor as a witness, and offered to show by him that the son, when he delivered the keys, said that his father wanted the janitor to keep the keys and show the flat to any one who might come to rent it. This proposed evidence was rejected on the objection of the defendant, and the ruling is here assigned as error. It is the contention of the plaintiffs that the evidence was competent and relevant as an admission of the defendant by his agent, and that it falls within the rule that the declarations of an agent are admissible against his principal, when made, during the continuance of the agency, as a part of an authorized transaction. Dunnell, Trial Book, § 943. But the alleged declarations were no part of the act which the son was authorized to do; that is, the physical act of delivering the keys to the janitor. He was charged by his father with no message for the janitor, except, possibly, the implied one to tell him that the father had directed that the keys be delivered to him. The ruling of the trial court was correct.

2. The defendant, over the repeated objection and exception of the plaintiffs, was permitted to testify to the effect that he did not read the lease, nor was it read to him; that the covenant as to giving notice, and the plaintiffs' option if he failed to give it, which we have quoted, was inserted in the lease without his knowledge or consent; and that the actual agreement of the parties was for a lease for one year and no longer. The following questions, objections, and answers, taken from

the record, illustrate the character of the evidence and objections thereto:

> Q. At the time you talked with Mr. Trainor, did you agree on the length of time you were to have this property? Was the matter talked over? (Objected to on the ground that it is incompetent, irrelevant, and immaterial. Anything that was said before the signing of this lease is supposed to be embodied in the lease itself, and is an attempt to vary the terms of a written contract. Overruled. Exception.) A. There was. Q. You may state what was said respecting the length of time that the lease was to cover at that time. (Same objection, on same grounds as heretofore stated and that the lease is the best evidence.
>
> The Court: I suppose he is trying to show fraud.
>
> Mr. Mercer: Yes. Mr. Smith: And the further objection that it is not in the pleadings. Overruled. Exception.) A. I simply stated that I wanted the flat for a year, that I expected the children back home, and that the flat was too small, and I expected to move into a house. I was away six months of the year in New York, and occupy the flat about five months. I was away. Q. Your furniture was there? A. Yes. Q. When you were away? A. Yes. Q. Did he say in that conversation that he would draw that lease or have it drawn? A. Yes; drew up a lease. Q. For one year? A. Yes, sir. Q. What, if anything, was said at that time respecting your staying there more than one year? A. There was nothing said. Q. Was there anything said at that time regarding the lease providing for your staying there a second year or any longer time than the first year? (Objected to as incompetent, irrelevant, and immaterial, and as an attempt to vary the terms of a written lease, and inadmissible under the pleadings. Overruled. Exception.)

The several rulings of the trial court in admitting the evidence are assigned as error. It is clear from the record that counsel for the plaintiffs were fully justified by the pleadings and the testimony of the defendant in assuming that the only purpose of the evidence was to

show by parol a different contract than the written one which the parties had executed, and that as soon as it was suggested that the purpose of the evidence was to show fraud the further objection was made that the evidence was inadmissible under the pleadings. The question of the admissibility of the evidence under the pleadings was seasonable and properly raised.

It is the contention of the defendant that the evidence was correctly received for the reasons following:

> The theory of the defendant's defense was not that there was no written contract covering the agreement which the parties had talked over; and not that the evidence was tending to vary the written contract itself upon that to which they did agree, but that the agreement was made that defendant should sign the lease for one year; that it was left with the plaintiffs to draw that lease for the year; that the consideration was paid and to be paid for that year; that there never was any agreement between the parties or any consideration for any agreement to lease for a longer period than one year, and that the contract, properly construed, meant only that.

This calls for a construction of the lease.
The covenant by the defendant in the lease that

> At the expiration of the time herein recited quietly yield and surrender said premises to said party of the first part

Is not inconsistent with the covenant as to the giving of notice thirty days before the expiration of the lease whether the premises would then be vacated. Nor are they ambiguous as to the intention of the parties. These covenants are a part of the same contract, and supported by the same consideration as the lease itself. Read together, they simply mean that the premises must be surrendered at the time recited in the lease unless the lease is extended by operation of the covenant as to notice of intended vacation of the premises. The notice required by this covenant not having been given, the party of the first part could and did exercise the option to continue the lease for another year by permitting the defendant to remain in the premises. The parol evidence, then, was not admissible to show the intention of the

parties on the alleged ground that the contract was ambiguous as to their intention, nor was it admissible for the purpose of showing that there was no agreement between the parties for a lease for a longer period than one year, for it directly tended to vary the written contract of the parties.

The only ground upon which the evidence could be received would be for the purpose of showing that the covenant as to an extension of the term of the lease was inserted in the written contract by fraud. Was the answer sufficient to permit the admission of such evidence? It was not necessary for the defendant to seek a reformation of the contract in order to avail himself of the defense that the covenant in question was inserted contrary to the agreement of the parties—that is, fraudulently; for the defense attempted to be asserted is a legal one, and, if it had been properly pleaded, parol evidence to sustain the defense was admissible. Under the general issue at common law, the defendant could show that the execution of the instrument which was the basis of plaintiffs' cause of action was obtained by fraud. The rule is otherwise under our system of code pleading, and where the defendant intends to rely upon fraud in procuring the execution of an instrument set out in the complaint he must allege in his answer the facts constituting the fraud. Daly v. Proetz, 20 Minn. 363 (411); MacFee v. Horan, 40 Minn. 30, 41 N. W. 239; Morrill v. Little Falls Mnfg. Co., 53 Minn. 371, 55 N. W. 547, 21 L. R. A. 174; Christianson v. Chicago, St. P., M. & O. Ry. Co., 61 Minn. 249, 63 N. W. 639; Reeves & Co. v. Cress, 80 Minn. 466, 83 N. W. 443.

The answer of the defendant is manifestly insufficient to justify the admission of the evidence tending to show that the covenant as to notice and extension of the lease for another year was fraudulently inserted in the lease contrary to the agreement of the parties and without the knowledge of the defendant. It was therefore reversible error to receive such evidence over the objections and exceptions of the plaintiffs.

Order reversed and a new trial granted.