# MARSHALL-WELLS HARDWARE COMPANY v. CONRAD FREDERICK EMDE.[1]

April 18, 1913.

Nos. 17,930—(62).

**Pleading — offer of evidence.**

Action for purchase price of merchandise sold to a partnership of which defendant was a member. The answer was a general denial. Defendant's offer to prove that his written agreement to pay the debts of the firm was induced by the fraud of his partner and his attorney was excluded. *Held:* The court did not err. When the execution of an instrument or of a contract is admitted, and the maker seeks to avoid its effect on the ground of fraud, he must allege the facts constituting the fraud. He cannot prove them under a general denial. [Reporter.]

Action in the district court for Swift county to recover $1,498 for certain goods, wares and merchandise. The answer was a general denial. The case was tried before Qvale, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*John I. Davis* and *Thomas E. Davis,* for appellant.
*T. J. McElligott,* for respondent.

1 Reported in 140 N. W. 1027.

PER CURIAM.

This is an action to recover the purchase price for goods sold and delivered to the Farmers' Lumber & Supply Company, a copartnership composed of the defendant and one Small. After the delivery of the goods, the copartnership was dissolved by mutual agreement, and the defendant took over the business of the firm, and, as a part of the transaction, assumed and agreed to pay the liabilities of the firm, including the claim in suit. These facts were not controverted on the trial. The defendant himself testified that he executed the written agreement whereby he assumed the liabilities of the firm, and also that he notified the wholesale house that he had taken over the business and would pay and settle the claim now in suit.

The defendant's answer was a general denial, and nothing more. The only defense that he sought to present under it was that his copartner, Small, and his own attorney, had made certain misrepresentations in the transactions attending the dissolution of the copartnership. The evidence proffered to support this contention was excluded. In excluding this evidence the trial court was clearly correct, even if the evidence offered had been sufficient to establish fraud, which is doubtful. Where the execution of an instrument or the making of a contract is admitted, and the obligor seeks to avoid its effect on the ground of fraud, he must allege the facts constituting the fraud. He cannot prove them under a general denial. Daly v. Proetz, 20 Minn. 363 (411); Livingston v. Ives, 35 Minn. 55, 27 N. W. 74; MacFee v. Horan, 40 Minn. 30, 41 N. W. 239; Morrill v. Little Falls Mnfg. Co. 53 Minn. 371, 55 N. W. 547, 21 L.R.A. 174; Christianson v. Chicago, St. P. M. & O. Ry. Co. 61 Minn. 249, 63 N. W. 639; Trainor v. Schutz, 98 Minn. 213, 107 N. W. 812.

The order appealed from is affirmed.