# LOWRY REALTY COMPANY v. STANLEY WILES.[1]

October 31, 1913.

Nos. 18,417—(29).

**Renewal of lease — construction of writing.**

A written lease of real property for the term of five months, which included an option on the part of the landlord to "continue" the lease for one year, if the tenant failed to give notice within 30 days of the expiration of the term that the premises would be vacated, construed and *held* that the extensional option had reference to a year in addition to the term fixed by the contract.

Action in the municipal court of Minneapolis to recover $160 rent for the months of May, June, July and August, 1912. The answer was a general denial. The case was tried before Bardwell, J., who made findings and ordered judgment against defendant for

[1] Reported in 143 N. W. 738.

---

Note.—On the question of holding over after expiration of lease with option for renewal without formally exercising option, see note in 29 L.R.A.(N.S.) 175.

the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*George Harold Smith,* for appellant.

*C. D. Austin,* for respondent.

BROWN, C. J.

Plaintiff leased to defendant certain real property for the term of five months, commencing April 1, and terminating August 31, 1911, for which defendant agreed to pay the sum of $200, at the monthly rate of $40. The lease contained the following clause: "Said party of the second part (the tenant) also covenants and agrees to give party of the first part (the landlord) written notice thirty days before expiration of this lease if premises will then be vacated, otherwise party of the first part will have option of continuing this lease for one year, without notice, to party of the second part." The tenant failed to give notice that the premises would be vacated, and continued to occupy the same for eight months after the expiration of the term, or until April 30, 1912. He then vacated the premises over the objection of the landlord who insisted, under the option above quoted, that the term of the lease should extend for a year from the expiration of the original term. This action was thereafter brought to recover the rent for the unexpired term, namely for the months May to August, 1912. Plaintiff had judgment and defendant appealed from an order denying a new trial.

The only question presented involves the construction of the terms of the lease, as heretofore set forth. Defendant contends that the proper meaning of the clause gave to the plaintiff the option of continuing the lease in force for one year from the date of the contract, while plaintiff contends that the optional extension of one year commenced at the expiration of the original term. A careful consideration of the question leads to the conclusion that the trial court was right in sustaining plaintiff's view of the contract. The option given plaintiff was to "continue" the lease for a year, if defendant failed to give notice that he would vacate at the end of the term fixed by the contract. This clearly was intended by the parties to grant to plaintiff the option to extend the lease for a year, in addition to the

fixed term. In incorporating this provision in the contract the parties were of necessity contracting with respect to time beyond the fixed term of the lease, not merely of extending the fixed term, but of what should occur at the expiration of that term. We think the contract sufficiently definite and clear to exclude an application of the rule, invoked by defendant, that, where the terms of a lease are ambiguous and doubtful, the construction thereof should be strongly against the landlord. By permitting defendant to hold over, plaintiff thereby exercised its option to extend the lease, (Trainor v. Schultz, 98 Minn. 213, 217, 107 N. W. 812), and the extension covered the period of a year from the expiration of the original term.

Order affirmed.