BURLINGTON GROCERY COMPANY *v.* HARRY LINES ET AL.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed March 3, 1923.

*Statute of Frauds—Memorandum of Sale—Parol Evidence to Show Price—Statement of Consideration—Memorandum Construed to Be Stipulation for Reasonable Price—Harmless Error—Pleading—General Denial Under Practice Act —Fraud Must Be Pleaded—Mere Promissory Representations Not Fraud—Inadequate Briefing—Reasonable Time Question for the Jury.*

1. In a contract of sale where the parties leave the price unfixed the law fixes it at a reasonable price to be determined by what the goods are reasonably worth, and the memorandum required by the Statute of Frauds need not state the price and parol evidence is admissible to determine such price.

2. If a memorandum of sale states the consideration according to the agreement of the parties, it satisfies the statute, though the consideration be such that the contract is unenforceable.

3. Where a memorandum of sale in accordance with the agreement of the parties stated: "Price, not over 26 cts. per lb.," properly construed it was a stipulation for a reasonable price, to be determined by market conditions existing at the time of delivery, but not, in any event, to be more than the maximum named, and was valid and enforceable.

4. In an action by the seller on a contract of sale of certain sugar to recover the purchase price, the admission of evidence, tending to show that such sugar was accepted and received by defendants by being set apart and stored for them at their request in plaintiff's warehouse, objected to as insufficient to take the case out of the Statute of Frauds, if error, was harm-

NOTE:—When this case was originally argued, it was assigned to Mr. Justice MILES. Upon his retirement the case, being ordered to stand for reargument, was assigned to Mr. Justice POWERS.

less, in view of the holding that the memorandum of the sales contract took the case out of the statute.

5. Under the Practice Act (G. L. 1791) a general denial has the force of the general issue at common law, and only puts in issue the material allegations of the pleading to which it is addressed, hence a defense like fraud must be set up in the answer.

6. A mere promissory representation does not amount to fraud.

7. In an action by the seller on a contract of sale of certain sugar to recover the purchase price, where evidence that at the time the bargain was made and memorandum thereof signed the plaintiff's salesman had told one of the defendants that the sugar would be delivered in the month of June, had been offered as tending to show what would be a reasonable time for delivery, the mere assertion, in briefing an exception to the exclusion of such evidence, that it was "clearly admissible upon the question of what was a reasonable time for the delivery of the sugar," was too inadequate briefing to require an examination of the question and amounted to a waiver of the exception.

8. In such an action, where the memorandum of the sale was silent as to the time of delivery, there was no error in submitting to the jury the question of reasonable time for delivery of the sugar, such question being one of fact.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury at the September Term, 1921, Chittenden County, *Wilson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*M. G. Leary, V. A. Bullard,* and *C. P. Cowles* for the defendants.

*Warren R. Austin* and *Ezra M. Horton* for the plaintiff.

POWERS, J. This is an action of contract in the form of general assumpsit to recover the purchase price of 30 bags of Java sugar, sold to the defendants, doing business as a partnership. The answer was a general denial. Verdict and judgment were for the plaintiff. The case is here on the defendants' exceptions.

On May 22, 1920, Harry Lines, acting for the firm, signed a memorandum of the bargain for the sugar, which was admitted in evidence over the defendants' objection and exception. The only question made as to its sufficiency pertains to the statement therein of the price of the goods. That statement is as follows: "Price, not over 26 cts. per lb." This, the defendants say, is too indefinite to satisfy the Statute of Frauds.

[1] It was held in *Ide* v. *Stanton*, 15 Vt. 685, 40 A. D. 698, that the price is an essential term of a bargain of sale, and must be stated in the memorandum thereof. But this is so only when the parties agree on the price. If they leave the price unfixed, the law steps in and fixes it at a reasonable figure, to be determined by what the goods are reasonably worth. In such cases, the memorandum required by the statute need not state the price, and parol evidence is admissible to determine it as aforesaid. Tiedeman, Sales, § 76; Williston, Sales, § 103; 1 Benjamin, Sales, 271; Brown, Frauds, § 377; *Hoadley* v. *M'Laine*, 25 E. C. L. 231; *Joyce* v. *Swan*, 112 E. C. L. 84; *Turner* v. *Lorillard Co.*, 100 Ga. 645, 28 S. E. 383, 62 A. S. R. 345.

[2, 3] And if the memorandum states the consideration according to the agreement of the parties, it will satisfy the statute, though the consideration be such that the contract is unenforceable. It is not claimed that the price is not here stated according to the agreement of the parties. By proper construction, it is a stipulation for a reasonable price, to be determined by market conditions existing at the time of delivery, but not, in any event, to be more than the maximum named. Such an agreement is valid and enforceable. See *Parker* v. *Adams*, 47 Vt. 139; *Ames* v. *Quimby*, 96 U. S. 324, 24 L. ed. 635.

[4] Subject to the defendants' objection and exception, the plaintiff gave evidence tending to show that the sugar in question was accepted and received by the defendants by being set apart and stored for them in the plaintiff's warehouse at their request. But, inasmuch as the only fault the defendants find with this evidence is that it was insufficient to take the case out of the Statute of Frauds, and inasmuch as we hold that the memorandum was sufficient for that purpose, any error in its admission would be harmless, and we need spend no time on it.

[5] The defendants offered to show that at the time the bargain was made and the memorandum signed, the plaintiff's

salesman told one of them that the sugar would be delivered in the month of June. This was excluded, and the defendants excepted. The offer was predicated upon these two grounds: That the evidence would tend to show that the contract was induced by fraud; and that it would tend to show what would be a reasonable time for delivery—the memorandum being silent as to the time when delivery was to be made.

The issue of fraud was not raised by the pleadings. At common law, the general issue in actions of this kind had a very broad scope; fraud, duress, and any other defense that showed that the contract was not in law binding on the defendant, was admissible in evidence thereunder. 1 Chitty, 476. When the new rules—the Reg. Gen. Hil. T. 4 Wm. IV (1834)—were adopted, this was changed, and since that time, the English rule has been that fraud must be specially pleaded. 1 Chitty, 516. And that is the rule in some of the states. *Barrow* v. *International Trust Co.*, 184 Mass. 440, 68 N. E. 831; *Dickinson* v. *Tysen*, 209 N. Y. 395, 103 N. E. 703; *Marshall-Wells Hardware Co.* v. *Emile*, 121 *Minn.* 524, 140 N. W. 1027. Our rule, however, has been that of the common law—so far, at least, as the defense of fraud is concerned. *Limerick National Bank* v. *Adams*, 70 Vt. 132, 40 Atl. 166; *Blaisdell* v. *Davis*, 72 Vt. 295, 48 Atl. 14. But by the express terms of the Practice Act (G. L. 1791) a general denial has the force of the general issue at common law. This provision was before us in *Dernier* v. *Rutland Ry. L. & P. Co.*, 94 Vt. 187, 110 Atl. 4, and we then so construed it as to give to the term "general issue" the sense and meaning of *general traverse*. So, now, a general denial only puts in issue the material allegations of the pleading to which it is addressed. Therefore, a defense like fraud must be set up in the answer.

[6] Then, too, the evidence offered would not have the tendency claimed for it. It was a mere promissory representation, which does not amount to fraud. *Hunt* v. *Lewis*, 87 Vt. 528, 90 Atl. 578, Ann. Cas. 1916C, 170.

[7] In support of the second ground of the offer, the defendants content themselves with saying, merely, that "this evidence was clearly admissible upon the question of what was a reasonable time for the delivery of the sugar." This is too inadequate briefing to require us to examine the question (*In re*

*Chisholm's Will,* 93 Vt. 453, 108 Atl. 393), and amounts to a waiver of the exception.

[8]    There was no error in submitting to the jury the question of reasonable time for delivery of the sugar. This question is usually one of fact. *Ellis* v. *Durkee,* 79 Vt. 341, 65 Atl. 94, and cases cited; *Goodyear Metallic Rubber Co.* v. *Baker,* 81 Vt. 39, 69 Atl. 160, 17 L. R. A. (N. S.) 667, 15 Ann. Cas. 1207; *Carpenter* v. *Gibson,* 82 Vt. 336, 73 Atl. 1030. Nothing appears in this record to take the case out of the general rule.

*Judgment affirmed.*