[No. 4973.  Decided April 5, 1905.]

## Nellie Warnock, *Respondent*, v. John Itawis, *Appellant.*[1]

Bills and Notes—Action Against Indians—Defenses—Exemp-
tion of Property. It is no defense to an action upon a promis-
sory note that the maker was an Indian and his property exempt.

Same—Presumption That Maker Understood Note—Evidence
to Overcome—Sufficiency. In an action against an Indian on a
promissory note, the evidence is not sufficient to overcome the
presumption that he understood the plain terms of the note,
where it merely appeared that he could not read or write and
understood the language imperfectly, and where he was present
and refused to testify, and there was some evidence that he
understood the transaction and had made similar obligations.

Same—Attorney's Fees—Reasonableness—Evidence—Judicial
Notice. The trial court may take judicial notice that fifty dollars
is a reasonable attorney's fee to be allowed under the terms of a
promissory note, and may give judgment therefor without evi-
dence as to the reasonableness of the fee.

Same—Limitation of Actions—Payment to Collector—Tolling
Statute. A payment on a promissory note to one with whom it
was left for collection will stop the running of the statute of
limitations, being in effect a payment to the owner.

Interest—Notes—Construction of Terms—Compound Inter-
est. A note providing that, if not paid at maturity, the interest
is to be added as part of the principal and all to draw interest at
the rate of one and one-half per cent per month, does not au-
thorize the compounding of interest monthly thereafter at one
and one-half per cent, but the sum due at maturity draws simple
interest at that rate until paid.

[1]Reported in 80 Pac. 297.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered October 23, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court, a jury being waived, in an action upon a promissory note. Modified.

*Frank H. Graham,* for appellant.

*S. F. McAnally,* for respondent.

MOUNT, C. J.—This action was brought to recover upon a promissory note of which the following is a copy:

"$167.90.    Tacoma, Washington, November 15, 1894.

"On or before the 1st day of November, 1895, without grace, for value received, I promise to pay to the order of Knapp, Burrell & Co., at their office in Tacoma, Washington, one hundred and sixty-seven and 90-100 dollars, with interest thereon at the rate of twelve per cent per annum, and if not paid at maturity, the interest to be added to and become a part of the principal, and the same to bear interest thereafter until paid at the rate of one and one-half per cent per month in gold coin. Interest payable at maturity and if not so paid to be added to and become part of the principal, and the same to bear interest as hereinbefore specified. And if action be brought to enforce the collection of the whole or any part of this note, I promise to pay such additional sum as the court may adjudge reasonable in gold coin as attorney's fees in said action. And I hereby expressly waive to said Knapp, Burrell & Co., or their assigns, the benefit of any and all exemption laws and acts of the state in which I reside."

The complaint, after alleging the execution and delivery of the note for value, alleged the payment of $35 thereon in November, 1898; that the note, after maturity, was assigned to plaintiff, who is the owner and holder thereof; that $50 is a reasonable attorney's fee; that there is due on said note the sum of $589, after deducting all payments; and prayed judgment for that amount and $50 ad-

ditional as attorney's fees. Defendant John Itawis, only, appeared in the action, and for answer to the complaint he denied all the allegations thereof, and alleged that his wife, the other alleged maker of the note, was dead, and that no administrator of her estate had ever been appointed. He also alleged that the note was barred by the statute of limitations, and, as a further and separate defense, he alleged, in substance, that he was an Indian of the Puyallup tribe, and that all his property was exempt from lawful sale or forfeiture under certain acts of Congress. This last named defense was stricken on motion. The case was tried to the court without a jury, upon the issues stated above. After all the evidence was submitted, the court made findings of fact in favor of plaintiff upon all the issues, and entered a judgment for the full amount claimed. Defendant excepted to all the findings, and brings this appeal, alleging that the court erred in striking out the last named defense.

There was no error in this, because the right to a judgment on the note does not depend upon the fact that appellant owns property. It is no defense to the note that the property which appellant owns is exempt under the law. If the note is a valid, subsisting obligation, past due, the respondent is entitled to a judgment thereon, without regard to the amount or value or title of defendant's property, and without regard to whether the judgment may or may not be enforced.

Appellant also contends that the evidence shows that he did not understand the note when he made it, and therefore that it was not his note, and not enforcible. All that the evidence shows upon this point is that the appellant is an Indian, and that he could not, at the time he made the note, read or write the English language, and that he understood the language imperfectly. But we think this is

not enough to overcome the presumption that he did understand the plain terms of the note when he signed it. He 'was present at the trial, and had an opportunity to show his knowledge of the language, and his knowledge of the provisions of the note, and refused to testify at all. There was some evidence to show that he did understand the transaction, and had made other obligations of a similar character previously. There is sufficient in the evidence to sustain the court's findings in this regard. No evidence was offered as to the reasonableness of the attorney's fee. The court took notice of the fact that $50 was reasonable, and allowed that amount. We think this was not error.

Appellant also contends that, because the payment of $35 was made to one McAnally, such payment was not made to the owner upon the note, and therefore the statute of limitations has run against the note. There was evidence to the effect that McAnally held the note for collection, and that the payment was made to him upon the note on November 7, 1898. This was sufficient. McAnally was certainly the agent of the owner for the purpose of receiving the payment, and the payment to him, to be applied upon the note, was, in effect, a payment to the owner. This payment stopped the running of the statute to that time.

We are of the opinion that the court erred in the amount of the judgment, which was for $589, after deducting the payment. This result can be arrived at only by compounding interest monthly, at the rate of one and one-half per cent per month after maturity. No such result can justly be claimed from the terms of the note. It is on a printed form, and clearly provides for interest at the rate of twelve per cent per annum from date until maturity, which was eleven and one-half months, "and if not paid at maturity, the interest to be added to and become a part of the princi-

pal, and the same to bear interest thereafter until paid, at the rate of one and one-half per cent per month in gold coin." Figured in this way, the whole amount of principal and interest due on the note at the time of the judgment, viz., October 23, 1903, is $455.30. Deducting the $35 paid, leaves $420.30, for which judgment should have been rendered. The clause contained in the note, as follows: "interest payable at maturity, and if not so paid to be added to and become a part of the principal, and the same to bear interest as hereinbefore specified," is simply a repetition of what had been said before, and added nothing to the former provision. There was but one maturity of the note, and that was stated as November 1, 1895. We do not think the clause can justly be held to make interest payments mature monthly, and we are not disposed to place that construction upon it.

The judgment of the lower court is therefore modified to the extent of reducing the amount of recovery to the sum of $420.30; with $50 attorney's fees added, appellant to recover his costs on this appeal.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.