GOODYEAR METALLIC RUBBER CO. v. JOEL C. BAKER'S ESTATE.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed March 3, 1908.

*Attorney and Client—Money Collected by Attorney—How Soon Bound to Pay Over—Statute of Limitations—Reasonable Time—When Question of Fact—No Presumption in Favor of Judgment not Warranted by Record.*

It is the contractual duty of an attorney who has collected money for his client to pay it over promptly, that is, within a reasonable time in the circumstances of the case, and his failure to do so is the breach of his contract that is the "cause of action" in assumpsit by his client for the money; hence, in that action, and in the absence of fraud on the attorney's part, the Statute of Limitations begins to run from the time of such breach.

What is a reasonable time within which an attorney should pay over money that he has collected for his client is a question of fact, where its determination involves the consideration of only a single fact.

The Supreme Court will not presume in favor of a judgment that the trial court drew any inference or found any fact not fairly warranted by the facts certified up.

The burden of proving that a claim is barred by the Statute of Limitations rests on the party asserting the bar.

In assumpsit by a client against his deceased attorney's estate for money collected by the attorney for plaintiff, where the defence was the Statute of Limitations, and the trial court found that there was neither fraud nor fraudulent intent on the part of the attorney, and that he died six years and three months after he collected the money, but made no findings as to whether a reasonable time to pay over the money had elapsed thirty days before his death, nor any further finding relevant to that question, or from which it could fairly be inferred that such reasonable time had elapsed, the defendant failed to establish the statutory bar, and it was error to enter judgment in its favor on the facts found.

ASSUMPSIT by a client for money collected by his attorney. Pleas, the general issue and the Statute of Limitations. Replications, similiter, and fraudulent concealment of the collection by the attorney's silence. No rejoinder. Trial by court at the March Term, 1907, Rutland County, *Waterman,* J., presiding. Judgment for defendant. The plaintiff excepted. The opinion states the case.

*J. A. Merrill,* and *Butler & Moloney* for the plaintiff.

If the fact of collection be concealed by the attorney, it is fraud, regardless of whether it was so intended; and in such cases the Statute of Limitations does not start till demand is made.   *Goodell* v. *Brandon Nat. Bank,* 63 Vt. 303; *Smith* v. *Franklin,* 61 Vt. 385; *Douglass* v. *Corey,* 15 Am. St. 604; *Krause* v. *Dorrance,* 51 Am. Dec. 496.

The statute does not begin to run in favor of an attorney and against the client until the client knows of the collection, and the burden is on the attorney to show that the client knew of it; otherwise he would be permitted to take advantage of his own wrong.   *McDowell* v. *Potter,* 49 Am. Dec. 503 (8 Pa. St. 189); *Roberts* v. *Armstrong's Admr.,* 89 Am. Dec. 624, (1 Bush. 368 Ky.); *Houston etc. R. R. Co.* v. *Adams,* 30 Am. Rep. 116; *Morrill* v. *Palmer,* 68 Vt. 1; *Bailey* v. *Glover,* 88 U. S. 342.

The burden of proof is on the defendant to establish his plea of the statute, and it is for him to prove that he gave notice,

and that he did not conceal the fact of the collection. *Green* v. *Dodge,* 79 Vt. 73; *Burnham* v. *Courser,* 69 Vt. 183; *Batchelder* v. *Barber,* 67 Vt. 554.

. *Charles L. Howe* for the defendant.

The declaration is assumpsit in the common counts. The relation between attorney and client, in respect of moneys collected as in the case at bar, creates at most an implied trust and to such a trust the Statute of Limitation applies. *Exrs. Averill* v. *Exrs. Dunham* (Conn.) 8 L. R. A. 647; Wood on Limitations (3rd ed.) §§ 18, 19; *Cook et al.* v. *Rives* (Minn.) 53 Am. Dec. 88. Mere silence has never been held to be such a fraud as will bar the statute. *Smith* v. *Bishop,* 9 Vt. 110; *Miller* v. *Powers* (Ind.) 4 L. R. A. 843; *Bates* v. *Preble,* 151 U. S. 149; *Price* v. *Ins. Co.* (Md.) 4 L. R. A. New Series, 870.

ROWELL, C. J. The intestate, an attorney, brought suit for the plaintiff against the New England Insurance Co., and therein recovered and collected a judgment, but never notified the plaintiff of the collection, nor did the New England Co. notify it until after the intestate's death. Both fraud and fraudulent intent on the part of the intestate are expressly negatived by the findings.

This is assumpsit for the money thus collected. The Statute of Limitations is pleaded. Fraudulent concealment of the collection by silence is replied. There is no rejoinder. It was stipulated below that if the plaintiff is entitled to recover on the facts found, it should have judgment for so much with interest thereon for such a time.

The cases differ as to when a client can sue his attorney for money collected and not paid over. All agree, however, that the attorney is not to be subjected to the annoyance and expense of a suit the moment he receives the money. Some say that a demand is necessary, or directions to remit, if the attorney is not guilty of laches, has not converted the money to his own use, and is not otherwise in fault in not paying. *Taylor* v. *Bates,* 5 Cow. 379; *Stafford* v. *Richardson,* 15 Wend. 305. Others say that the statute begins to run from the time the money should have been paid over, in the absence of fraudulent

concealment.  *Douglas* v. *Corry,* 46 Ohio St. 349, 15 Am. St. Rep. 604.    Eliminating 'fraudulent concealment for present purposes, we think this the better rule, and more consonant with legal principles, for it is the duty of an attorney to pay over promptly, which he impliedly agrees to do; and if he does not, it is a breach of his contract, and in assumpsit the breach is the cause of action, and the statute begins to run from the time of the breach, if there is nothing to stay it.  This rule means that he is to pay over in a reasonable time in the circumstances of the case.

The intestate died six years and three months after the money was collected.  If a reasonable time to pay it over did not elapse thirty days before his death, then, by statute, the action is not barred, if otherwise it would be.

But whether a reasonable time had then elapsed or not was a question of fact for the court, as it does not appear that but a single fact was involved in it, and not a combination of facts and circumstances.  *Whitcomb* v. *Denio,* 52 Vt. 382.  But the facts certified up do not show that the court found that fact either way; and while this Court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or as it fairly might have inferred,—*Chamberlin* v. *Whitney,* 65 Vt. 488,—yet there is nothing in the record from which that court could have fairly inferred and found that a reasonable time did elapse thirty days before the death of the testator, for there is nothing in the record relevant to that question except the mere lapse of two months, without negativing the existence of other relevant facts and circumstances that might have been present, such as sickness, press of other business, necessary absence from home, and the like.

The defendant, therefore, on which rests the burden of proof, has failed to establish the statutory bar.

As to the claim presented on appeal not being the one presented to the commissioners, nothing appears of which we can take cognizance.

*Judgment reversed, and judgment for the plaintiff for $500, with interest thereon from Nov. 13, 1896 to Dec. 19, 1904, as per stipulation, and costs in this Court and below.  Let a certificate go down.*