[No. 11632. Department Two. April 27, 1914.]

## A. H. CARR et al., Respondents, v. D. C. BONTHIUS, Appellant.[1]

BILLS AND NOTES—ACTIONS—OWNERSHIP—EVIDENCE—SUFFICIENCY. In an action upon notes, plaintiffs are shown to be the owners and the real parties in interest, where it appears that, originally, notes were given by the defendants for the purchase price of machinery, and made payable to a harvester company and delivered to it by plaintiffs as security for debts plaintiffs owed the harvester company, that such notes were paid by the notes in suit, which were indorsed by plaintiffs to the harvester company as security for plaintiffs' debts, but that, at the time the action was brought, plaintiffs' debts had been paid and the notes in suit redelivered to them.

SAME—REASONABLE ATTORNEY'S FEE—EVIDENCE. In an action on notes and to foreclose a chattel mortgage, the court is competent to judge what is a reasonable attorney's fee without evidence on the subject.

SALES—BREACH OF WARRANTY—EVIDENCE—SUFFICIENCY. Breach of warranty of a pump for irrigation purposes is not shown by the fact that at times it did not work properly, due entirely to the method of management and not to defects, and where, after use for one season, new notes were given for the price without questioning the warranty.

[1]Reported in 140 Pac. 339.

Appeal from a judgment of the superior court for Lincoln county, Baske, J., entered January 8, 1913, upon findings in favor of the plaintiffs, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*Martin & Wilson,* for appellant.

*Freece & Pettijohn,* for respondents.

MOUNT, J.—This action was brought by the plaintiffs upon a promissory note, and to foreclose a chattel mortgage given as security therefor. The complaint is in the usual form. The answer of the defendant admitted the execution and delivery of the note and mortgage, and that the same had not been paid, but denied that there was anything due thereon. The defendant alleged affirmatively that the note and mortgage were obtained by fraud and misrepresentation, and were without consideration; and that, if there was any indebtedness thereon, the same was due to the International Harvester Company of America and not to the plaintiffs. The reply denied the affirmative defenses alleged. Thereafter the cause was tried to the court without a jury. Findings were made in favor of the plaintiffs, and a judgment of foreclosure was entered. The defendant has appealed from that judgment.

It appears from the record that, in May, 1911, the appellant purchased a gasoline engine, pump, and pumping plant, to be used for irrigation purposes; and, in consideration therefor, executed two notes, both being dated May 6, 1911. One of these notes was for $457, and was due October 1, 1911; the other was for $570, due November 1, 1911. They were both made payable to the International Harvester Company of America. The machinery for which the notes were given was purchased by the respondents from the International Harvester Company of America. The notes were taken in the name of the harvester company, and delivered to it by the respondents as security for debts which they were owing to the harvester company. After these notes became

due and were not paid, and after the appellant had used the machinery during the season of 1911, an extension of time in which to pay the notes was granted by the respondents to the appellant, and at that time, viz., October 26, 1911, a new note was executed by the appellant payable to the respondents upon demand, for $1,253.85. This included the amount of the first two notes which were past due, and also an item of $170.75 which was due from the appellant to the respondents upon an open account. At the time this last note was given, the two notes first above mentioned were surrendered to the appellant, and the mortgage in question was given to secure the payment of the note last given. Thereafter this note was endorsed by the respondents and delivered to the International Harvester Company of America. The respondents thereafter paid the debts which they were owing the harvester company, and the note was redelivered to them, and after demand was made for payment thereof, this action was brought upon the note and to foreclose the mortgage.

It is contended by the appellant, first, that the debt represented by the note is due to the international Harvester Company of America, and not to the respondents; and it is contended that the evidence showing the transaction tended to contradict the original notes and the original contract. There is no merit in this position, because it appears, without dispute, that the original notes, while taken in the name of the harvester company, were taken up and paid by the subsequent note given to the respondents. While this note was endorsed by the respondents, it was afterwards returned to them by the harvester company, and at the time of the trial the respondents were in possession of the note; and under all the evidence they were the owners of the note. There was no attempt, and in fact there was no evidence which tended, to dispute or vary the terms of the original contract. The respondents, under the evidence, were clearly

the owners and holders of the note.   In *Seattle Nat. Bank v. Emmons*, 16 Wash. 585, 48 Pac. 262, this court said:

"It is in testimony that the note was made formally payable to the Commercial National Bank simply as a matter of convenience in keeping the accounts between the two banks, and so far as the sufficiency of the complaint is concerned, if there had been no allegation in relation to the assignment of the note, the allegation that the plaintiff was the owner and holder of it would have been sufficient, under the statute which requires that the action shall be brought in the name of the real party in interest, to have admitted proof of the assignment and transfer of the note to the plaintiff, or of any fact which would tend to establish the ownership of the plaintiff in the note."

It is clearly and positively shown in this case that the respondents were the real parties in interest and the owners of the note.

It is next argued that the court erred in refusing to make certain findings proposed by the appellant.   But we think the evidence is clear to the effect that the note sued upon was given by the appellant to the respondents for a valuable consideration, that the note was past due, and that the respondents were the owners and holders of it at the time.   The respondents, therefore, were clearly entitled to foreclose the mortgage.

The court found that $250 was a reasonable attorney's fee to be allowed for the foreclosure.   It is argued by the appellant that there was no evidence to support this conclusion. But we held in *Warnock v. Itawis*, 38 Wash. 144, 80 Pac. 297, that no evidence was necessary in such cases; that the court was as competent to judge what was a reasonable attorney's fee in such a case as the ordinary witness who might be called.   There was no error in this finding.

It is also argued by the appellant that the pump was sold upon a guaranty to do certain work, and that the pump and engine did not comply with the guaranty.   A reading of the evidence in the case shows that, at times, the engine and

pumping plant did not work properly. But the evidence also shows that whatever was wrong with the engine or pumping plant was due entirely to the method of its management and not to any defect in the engine or the plant. Furthermore, after the appellant had used the engine and pumping plant for one season, he gave the note and mortgage sued upon herein without questioning the warranty. And we are satisfied from the evidence that there was no sufficient showing that the pumping plant did not fulfill the warranty or that the appellant was not perfectly satisfied therewith.

We find no merit in the appeal, and the judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.