[No. 13879.   Department One.   June 15, 1917.]

LAURA ALLEN, *Appellant*, v. J. H. ALLEN, *Defendant*,
BENNA K. ALLEN *et al.*, *Respondents*.[1]

JUDGES—FINDINGS—PLACE FOR SIGNING. A visiting judge is authorized by Rem. Code, § 42, to sign findings of fact and conclusions of law and judgment outside the county in which the trial was had.

TRIAL—FINDINGS—NOTICE—NECESSITY. A party is not entitled to notice of the time and place for signing findings of fact, conclusions of law and judgment, the law giving five days after notice for the filing of exceptions to the findings.

APPEAL—REVIEW—HARMLESS ERROR. Irregularity in hearing a motion to vacate findings and judgment outside the county in which the case was tried is without prejudice, where, on trial *de novo* on appeal, it appears that the motion was properly denied.

JUDGMENT—BAR—MATTERS CONCLUDED. Where the title to property garnished was tried out in another action between the same parties, consolidated with the garnishee action for trial, judgment in the consolidated action determining the title is conclusive in the garnishment proceeding.

FRAUDULENT CONVEYANCES — RELATION OF DEBTOR AND CREDITOR—EXISTING CREDITORS—PRINCIPAL AND AGENT. Where an attorney withdrew from the registry of the court a fund belonging to his client, the fact that it was not turned over to the client does not raise a

[1]Reported in 165 Pac. 889.

presumption that there had been a conversion, and the relation of debtor and creditor did not arise; so that a gift by the attorney prior to that time was not fraudulent as to the client, in the absence of evidence that he was then an existing creditor or that the transfer was made for the purpose of defrauding him as a subsequent creditor.

JUDGMENT—BAR—PARTIES CONCLUDED. A judgment reciting the date on which an attorney became indebted to his client is not binding upon one garnisheed as a fraudulent transferee who was not a party to the action.

GARNISHMENT — DISCHARGE — ADMISSION — ATTORNEY'S FEES. In garnishment proceedings, an admission by plaintiff's attorney that the garnishee was not indebted and was entitled to judgment authorized a dismissal of the garnishment with attorney's fees taxed against plaintiff, provided for by Rem. Code, § 704, when the garnishee is discharged.

GARNISHMENT—ATTORNEY'S FEES—EVIDENCE. Under Rem. Code, § 704, providing for the taxation of reasonable attorney's fees on the discharge of a garnishee, the court may fix upon the amount without taking any evidence.

Appeal from a judgment of the superior court for King county, Mills, J., entered March 9, 1916, upon findings in favor of the defendants, dismissing garnishment proceedings, tried to the court. Affirmed.

*Jay C. Allen (Philip Tindall, of counsel), for appellant.*

*Bronson, Robinson & Jones, for respondents.*

MAIN, J.—This is an appeal from a judgment of the superior court discharging two writs of garnishment.

The facts are these: Some time during the month of March or April, 1914, Jay C. Allen, an attorney at law residing at Seattle, intending to be absent from the state a number of months, arranged with J. H. Allen to look after his law business during such absence. Jay C. Allen, at this time, and for some time prior thereto, was, and had been, an attorney for one John Joyce. Prior to July 6, 1914, there had been paid into the registry of the court the sum of $6,797.64 for the benefit of Joyce. On the date last mentioned, J. H. Allen, as an attorney for Joyce, withdrew this money from the registry of the court. After being absent for a number of

months, Jay C. Allen returned to Seattle, and shortly after his return, and early in the month of October, Joyce called his attention to the fact that he had not received the money which had been withdrawn from the registry of the court by J. H. Allen. At this time, J. H. Allen was insolvent and unable to pay over the money. On October 22d, 1914, the appellant, Laura Allen advanced the money to pay Joyce, and took an assignment of his claim against J. H. Allen. On December 7th, 1914, Laura Allen brought an action upon the assigned claim against J. H. Allen. On the same date, Laura Allen caused a writ of garnishment to be issued in the case which she had brought against J. H. Allen and served upon Howard Allen. On January 11th, 1915, Laura Allen brought an action against J. H., or J. Howard Allen, Jr., who, to avoid confusion, will be referred to as Howard Allen. In this action, it was claimed that Howard Allen was indebted to J. H. Allen in a large sum of money, and judgment was therein sought against Howard Allen. On January 19th, 1915, Laura Allen brought an action against Howard Allen and Benna K. Allen, his wife, claiming that, on January 9th, 1915, J. H. Allen, for a valuable consideration, had conveyed and transferred to the plaintiff therein his right, title and interest in and to certain property. It was claimed in the complaint that Howard Allen and wife held certain of the property covered by this assignment in trust for J. H. Allen, and judgment was sought declaring such trust and for an accounting. The two actions last referred to were consolidated and were tried before the Honorable Everett Smith, one of the judges of the superior court for King county, the trial having occurred during the month of April.

On May 3d, 1915, Laura Allen caused a writ of garnishment to be issued out of the same action in which Howard Allen had previously been made garnishee defendant, and caused the same to be served upon Benna K. Allen. These writs of garnishment were respectively answered by Howard

Allen and Benna K. Allen, each denying that they had in their possession, or under their control, money or property belonging to J. H. Allen. These answers were controverted by Laura Allen. On November 29th, 1915, the issues in the two garnishment proceedings came on for trial before the Honorable Edward C. Mills, judge of the superior court for Walla Walla county, then sitting in King county. On March 9th, 1916, two judgments were entered, one discharging Howard Allen as garnishee, and the other discharging Benna K. Allen as garnishee. In the garnishment proceeding against Benna K. Allen, formal findings of fact and conclusions of law were made and entered. In the proceeding against Howard Allen, no findings were made, other than a recital in the judgment. On March 15th, 1916, Laura Allen made a motion to vacate the findings of fact and conclusions of law, which was subsequently overruled. From the judgments discharging the garnishees, this appeal is prosecuted.

It is first claimed that the judgment discharging Benna K. Allen as garnishee should be reversed, because the appellant had no notice of the time and place that the findings and conclusions of law would be presented to Judge Mills for signature. A copy of the findings and conclusions of law were served upon the attorney for the appellant on the 6th day of March, 1916. On the 8th day of March, the findings and conclusions of law and judgment were signed by Judge Mills in Walla Walla county, and by him were returned to the attorneys for the respondent, who caused them to be filed in the superior court of King county. In signing the findings and conclusions of law and judgment in Walla Walla county, Judge Mills did not exceed his jurisdiction. Rem. Code, § 42; *State ex rel. Calhoun v. Superior Court*, 86 Wash. 492, 150 Pac. 1168.

As a matter of law, the appellant was not entitled to notice of the time and place of signing the findings of fact and conclusions of law and judgment. Upon this question, in *Lindsay v. Scott*, 56 Wash. 206, 105 Pac. 462, it was said:

"The appellants were not entitled to notice of the time and place of signing the findings of fact, conclusions of law, or judgment, as a matter of law, nor were they deprived of the benefit of exceptions for want of notice. The right to except continues until the lapse of five days after notice of the filing of the findings, under the express terms of the statute, and repeated rulings of this court."

It is next contended that the judge before whom the case was tried had no jurisdiction to hear and determine the motion to vacate the findings and judgment in any county other than King county. The hearing and determining of the motion to vacate was irregular and not authorized by the statute, but, unless prejudice is shown, it does not furnish a ground for reversal. The cause here is tried *de novo*, and since we are of the opinion that the motion to vacate was properly denied, a new trial should not be ordered. In *Shaw v. Spencer*, 57 Wash. 587, 107 Pac. 383, it was said:

"The case was heard in the court below before Judge Holcomb of Adams county. After his return to Ritzville, the judge heard and denied a motion for a new trial, interposed by the appellants, and upon this ruling the first error is assigned. After providing that superior judges may make and sign certain orders outside of their respective counties, section 1 of Laws of 1901, p. 76 (Rem. & Bal. Code, § 41), expressly provides, 'That nothing herein contained shall authorize the judge to hear any matter outside of the county wherein the cause or proceeding is pending, except by consent of the parties.' Under this provision, a judge of the superior court cannot properly hear a motion for a new trial outside of the county wherein the cause is pending, except by consent of the parties, and the action of the trial judge in this respect was irregular; but the case is heard here *de novo*, and no prejudice has resulted to any party in interest, if the new trial was properly denied."

Upon the merits, we will first consider the appeal from the judgment discharging Benna K. Allen as garnishee. On August 7th, 1914, J. H. Allen gave to Benna K. Allen, his daughter-in-law, certain articles of personal property, included in which were three diamond rings which were chiefly

valuable on account of the diamonds. It is these three dia-
monds which are the basis of the controversy upon this ap-
peal. There are two reasons why the judgment of the trial
court should not be disturbed: First, if we understand the
record correctly, the title to these same diamonds was tried
in the consolidated cases heard before Judge Smith, and
Benna K. Allen's title thereto was sustained. The property
described in the complaint in that action includes "three
diamond rings (one 3 5-8 carat, one 1 1-7 carat and one
small one)." Laura Allen, in her controverting affidavit in
the garnishee proceeding against Benna K. Allen, described
the diamonds which the latter had in her possession and
which it is contended were given to her in fraud of creditors,
as follows: "3 diamond rings, 1 3 5-8 carat, 1 1 1-7 carat,
and one small one." The other reason why the judgment
in favor of Benna K. Allen should not be disturbed is that,
even though the diamonds were given to her as a present,
and there was no consideration other than love and affection,
it was not fraudulent as to John Joyce, through whom Laura
Allen claims, because it does not appear that, at the time
this present was made, John Joyce was a creditor of J. H.
Allen, or that the transfer was made for the purpose of
defrauding him as a subsequent creditor. As already stated,
the money was withdrawn from the registry of the court by
J. H. Allen on the 6th day of July, 1914. The diamonds
were given to Benna K. Allen on August 7th, 1914. When
J. H. Allen withdrew the money, he was acting as the attor-
ney for Joyce, and the fact that, between the two dates men-
tioned, the money was not turned over to Joyce does not
raise a presumption that, during that time, there had been
a conversion. The relation between Allen and Joyce, when
the money was withdrawn, was the fiduciary one of principal
and agent, and not debtor and creditor growing out of either
contract or tort. 2 R. C. L., p. 1022; 6 C. J., p. 694; Thorn-
ton, Attorneys at Law, § 346; *Goodyear Metallic Rubber Co.*

*v. Baker's Estate*, 81 Vt. 39, 69 Atl. 160, 17 L. R. A. (N. S.) 667.

There is no evidence in the record from which it can be inferred that the relation of principal and agent was changed to that of debtor and creditor prior to the time when the diamonds were given to Benna K. Allen. It is true that the findings in the case of Laura Allen v. J. H. Allen, which were signed and filed on January 12th, 1917, recited that J. H. Allen became indebted to Joyce on July 6th, 1914, in the sum of $6,797.64, but Benna K. Allen was not a party to that action and would not be bound by the findings and judgment therein. In *Henry v. Yost*, 88 Wash. 93, 152 Pac. 714, the latter had deeded, on August 30th, 1912, certain property to one H. E. Schroeder in trust for Mrs. Yost. Subsequently, Henry sued Yost and another for conversion of a band of sheep, and obtained judgment on February 25th, 1913, and, on July 10th, 1913, brought an action against Yost and wife and Schroeder and wife to set aside the conveyance to Schroeder which had been made in trust for Mrs. Yost. Upon the trial of the latter action, it was not shown that the conversion of the sheep had occurred prior to the time of the conveyance from Yost to Schroeder. It was there said:

"Had Henry proved that his cause of action existed when the deed was given to Schroeder, he would have established a *prima facie* case of fraud, and the burden then would have been on the grantor and grantee to prove the validity of the conveyance. The only proof offered of this claim, however, was the record in the case of *Henry v. Yost* and Day. The judgment in that case is not even *prima facie* evidence, as against Mrs. Yost and Schroeder and wife, who were strangers to that judgment, of any indebtedness or liability of Yost to Henry prior to the time it was rendered. *Eggleston v. Sheldon*, 85 Wash. 422, 148 Pac. 575. To hold that, as against Mrs. Yost and Schroeder, it proves the previous existence of the alleged facts on which it was based and the time when those alleged facts occurred, would be to bind Mrs. Yost and Schroeder by the results of a litigation in

which they did not appear, of which they had no notice or
knowledge, and in which they had no opportunity to par-
ticipate. The judgment established the indebtedness of Yost
to Henry, but did not of itself prove the previous existence
of the facts on which it was based. No other evidence of
the indebtedness was introduced; consequently Henry did not
establish that he was a creditor of Yost when the conveyance
was made, and did not show a *prima facie* case of fraud. The
judgment did prove him to be a creditor as of the date it
was rendered, which was six months after the execution of
the deed. Henry, having proved himself to be a subsequent
creditor, could, by showing that the conveyance was made
with intent to defraud him, have had it set aside and the
property subjected to the lien of his judgment. The burden
of such a showing was on him, and he failed to meet it. No
evidence was introduced, except the judgment in the tort
action, to show that the deed was given in anticipation of
the judgment, and we have found that the judgment alone
was ineffectual to prove the cause of action then existing
against Yost. The appellant, then, has failed to prove either
that he was a creditor when the deed was executed, which
would have put upon Mrs. Yost or Schroeder the burden of
vindicating the deed, or that the conveyance was made to
defraud him as a subsequent creditor. Failing in both, he
has not established his right to have the deed set aside and
the property subjected to the lien of his judgment. The
trial court properly dismissed the action."

Applying the doctrine of that case to the facts in the
present case, the action must fail, because it does not appear
that Joyce became a creditor of J. H. Allen prior to the
time the diamonds were given to Benna K. Allen, or that
the gift was made to defraud Joyce as a subsequent creditor.

We will refer now to the case against Howard Allen.
When the cause came on for trial upon the issues framed
in the garnishment proceeding, the statement of facts shows
the following:

"Mr. Allen: I am not asking for the car now. The car
was given before this debt arose. I am not asking for the
car. Mr. Bronson: You don't contend for anything but the
diamonds? Mr. Allen: That is all, because the debt was
not in existence at the time he gave the car. The Court:

Then the automobile, I take it, is eliminated. Mr. Bronson: Yes. The Court: Upon the statement of Mr. Allen it seems to me the court ought to dismiss the action against J. H. Allen, Jr., on your statement, Mr. Allen. Mr. Bronson: Then, if Your Honor please, we ask to be allowed an attorney's fee at the proper time. Mr. Allen: For that very reason I don't want to try it now. The Court: I don't want you to claim your attorney's fee in that case by trying it here. I cannot hold that automobile. Do you admit they are entitled to judgment in that case? Mr. Allen: Yes. The Court: You may take judgment, and the court will allow attorney's fee. Mr. Allen: We will attend to that later when I get through with this case."

Upon this record, it seems to us, the court was authorized to discharge Howard Allen as garnishee. It was not error to enter a judgment to that effect.

One other question is presented, and that is attorney's fees. In the proceeding against Howard Allen, a fee of one hundred dollars was allowed as costs; in that of Benna K. Allen, two hundred dollars. There was no testimony taken in either case as to what would be a reasonable judgment for attorney's fees. The statute (Rem. Code, § 704) provides that, where the garnishee is discharged, the costs of the proceeding, including a reasonable compensation to the garnishee for attorney's fees, shall be taxed against the plaintiff. In *Carr v. Bonthius*, 79 Wash. 282, 140 Pac. 339, it was said:

"The court found that $250 was a reasonable attorney's fee to be allowed for the foreclosure. It is argued by the appellant that there was no evidence to support this conclusion. But we held in *Warnock v. Itawis*, 38 Wash. 144, 80 Pac. 297, that no evidence was necessary in such cases; that the court was as competent to judge what was a reasonable attorney's fee in such a case as the ordinary witness who might be called. There was no error in this finding."

The court did not err in awarding attorney's fees as specified in the judgments.

Affirmed.

Ellis, C. J., Chadwick, Morris, and Webster, JJ., concur.