[No. 18552.   Department Two.   November 18, 1924.]

C. P. LEE, *Respondent,* v. CHRIS WILLMAN *et al., Appellants.*[1]

LOGS AND LOGGING (3)—CONTRACT FOR CUTTING LOGS—COMPENSATION—MEASURE AND AMOUNT. Where, after part performance of a contract to log certain lands, the contract was mutually rescinded, there can be no actionable breach or recovery of damages for the logger's failure in performance.

SAME (3).—A contract to log certain lands at five dollars per thousand feet, log measure, and fifty cents additional, if the lumber scale of lumber cut therefrom should exceed the log scale 35% or better, does not provide for any deduction in case the lumber scale was less than the log scale.

SAME (48)—LIENS—FORECLOSURE—ATTORNEY'S FEES—EVIDENCE. In an action to foreclose a logger's lien, the court may award a reasonable attorney's fee, without the introduction of any evidence as to what constituted a reasonable fee.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 18, 1923, in favor of the plaintiff, in an action to foreclose a logger's lien, tried to the court.   Affirmed.

*Carl W. Swanson,* for appellants.

*F. W. Girand,* for respondent.

FULLERTON, J.—On November 21, 1922, the respondent, C. P. Lee, entered into a contract with one Omand, by the terms of which Lee agreed to log for Omand a certain described tract of land, estimated to contain

[1] Reported in 230 Pac. 148.

3,000,000 feet of logs. The logs were to be delivered at a sawmill operated by Omand in sufficient quantities to keep the mill in full operation. Omand agreed to pay to Lee five dollars per thousand feet, log measure, for all logs delivered, and further agreed that, if the lumber sawed from the logs exceeded the log scale by 35% or better, to pay an additional sum of fifty cents per thousand feet. Omand, with the consent of Lee, subsequently assigned his interest in the contract to the appellants, Willman and Kellogg.

Lee entered upon the performance of the contract, and delivered thereunder 388,480 feet of logs, when the contract was rescinded by the parties, as the court found, by mutual consent. Payments were made on the contract from time to time as the work progressed, but whether sufficient to satisfy the sum earned by Lee under the terms of the contract was a matter of dispute between the parties. Lee, contending that there was a balance due him of $752.63, filed a lien on the unsawed logs delivered and on the lumber sawed from other logs delivered for that sum, and began the present action to foreclose the lien; seeking also the recovery of $200 as an attorney's fee.

The appellants answered the complaint, denying that there was anything due Lee on the contract, and pleading affirmatively that Lee had breached the contract to their damage in the sum of $1,000.

The action was tried by the court on all of the issues, and resulted in decree in favor of Lee for $90.41 found to be due on the contract, for $50 as an attorney's fee, and a foreclosure of the lien for these sums.

The trial court, after hearing the proffered evidence on the question whether or not the respondent had breached the contract, refused to admit testimony offered to show the damages the appellants had suf-

fered thereby. The evidence was rejected at the time it was offered for the reason, apparently, that it was too indefinite on which to base a recovery. The appellants assign error upon the ruling, but we think that, in view of the court's ultimate conclusion, the question becomes immaterial. As we have before stated, the court held there had been a mutual rescission of the contract, and the evidence amply supports the holding. This being so, there could be no actionable breach of the contract, and consequently no recovery in damages as for a breach.

The next complaint is, if we correctly understand it, that the log-scale overran the lumber scale, and that the latter scale fixes the basis of the respondent's right of recovery. But we find no support for this contention in the contract. That instrument plainly fixes the log-scale as the measure of the contract price, except in the instance that the lumber scale should exceed the log-scale by thirty-five per cent. It provided for no deduction on the contract price in the case that the lumber scale underran the log-scale.

Lastly, the appellants contend that the court erred in the allowance of an attorney's fee for foreclosing the lien. This contention has its foundation in the fact that no evidence was tendered as to what constituted a reasonable fee. But evidence was not necessary. It was competent for the trial court from its own knowledge of the value of such services to fix the amount of the fee. *Warnock v. Itawis,* 38 Wash. 144, 80 Pac. 297; *Littell v. Saulsberry,* 40 Wash. 550, 82 Pac. 909; *Carr v. Bonthius,* 79 Wash. 282, 140 Pac. 339; *Allen v. Allen,* 96 Wash. 689, 165 Pac. 889.

The decree is affirmed.

Pemberton, Mitchell, Holcomb, and Mackintosh, JJ., concur.