[No. 20791. Department Two. October 26, 1927.]

TILLAMOOK BAY FISH COMPANY, *Respondent*, v. E. B. McGOVERN *et al.*, *Appellants.*[1]

[1] CORPORATIONS (259)—FOREIGN CORPORATIONS—RIGHT TO SUE—LICENSE—DOING BUSINESS IN STATE. Where a foreign corporation had not done acts constituting the doing of business in this state, it may maintain an action in our courts without obtaining a license or prepayment of a license fee.

[2] APPEAL (418)—REVIEW—FINDINGS. Findings of the trial court in an action at law tried without a jury will not be disturbed on appeal, when not overcome by the evidence.

[3] BILLS AND NOTES (144)—ACTIONS—ATTORNEYS' FEE—REASONABLENESS. In an action on a promissory note stipulating for a reasonable attorney's fee, the court may fix the fee without testimony as to the value of the services.

Appeal from a judgment of the superior court for King county, Davidson, J., entered November 29, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Frank E. Hammond,* for appellants.

*Battle, Hulbert & Helsell* and *I. S. Crawford,* for respondent.

MACKINTOSH, C. J.—This is an action on a promissory note, to which the appellants cross-complained, seeking damages for breach of an alleged agreement

[1] Reported in 260 Pac. 258.

by the respondent to furnish the designated amount of its product.

The appeal presents three questions.

[1] The first is whether the respondent, which is an Oregon corporation, had a right to sue in the courts of this state, the claim being made that it had done business in the state of Washington, and not having complied with the requirements of our statutes in regard to foreign corporations doing business in this state, is therefore barred from our courts. Under the authorities, the acts which the respondent had done within the state of Washington do not constitute doing business within this state. *Lucas v. Luckenbach Steamship Co.*, 141 Wash. 504, 252 Pac. 526.

[2] The second claim of error is that the alleged contract, although oral, was evidenced by a memorandum sufficient under both the laws of the state of Oregon, and of this state. Extensive argument has been made by both the appellants and the respondent on this phase of the controversy, but our examination of the testimony in the case discloses nothing sufficient to overcome the finding of the trial court that no contract was entered into between the parties; and under the time-honored rule that this court will not interfere with the trial court's findings in circumstances such as this, it becomes immaterial whether there was any memorandum made, or not. There being no contract, the cross-complaint of the appellants must fail.

[3] The last assignment of error is that the trial court allowed an attorneys' fee on the note, in the absence of any testimony concerning the value of the services rendered by the respondent's attorneys. This court has established the rule that determination of the reasonable amount to be awarded as attorneys' fees in an action such as this is a question for the court, which may fix such fee without hearing testi-

mony as to the value of the services. *Carr v. Bonthius,* 79 Wash. 282, 140 Pac. 339.

There being no error, the judgment, as rendered by the trial court, is affirmed.

FULLERTON, MAIN, ASKREN, and HOLCOMB, JJ., concur.