WALLACE H. LARSON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

The Attorney General, Browder Brown, Assistant, and *Dorothee Scarbrough*, for appellant.

*J. O. Davies,* for respondent.

STEINERT, J.—This is an appeal from an order of the superior court refusing to vacate a judgment previously entered by it.

[1]Reported in 25 P. (2d) 1040.

Findings of fact, conclusions of law and judgment in the case were signed by the court on September 19, 1932, and filed five days later. On January 9, 1933, the appellant sought, by motion and petition, to have the judgment vacated and set aside. The motion and petition were overruled and denied.

Appellant's contention is that the findings, conclusions and judgment were improperly and irregularly signed and entered, because no notice thereof was ever served upon it, and that therefore the court erred in refusing to enter an order of vacation upon formal request.

Appellant relies, first, on rule XIII of the general rules of the superior court [1 Rem. Rev. Stat., p. 162]. The rule, as set out in appellant's brief, reads as follows:

"Unless an emergency is shown to exist, the court will not sign findings of fact and conclusions of law until the defeated party or parties have had three days' notice of the time and place of the submission thereof, and shall have been served with copies of the proposed findings and conclusions."

The rule is not made a part of the statement of facts, is not contained in the record, and comes before us only by recital in appellant's brief. An appellate court will not take cognizance of the rules of the court below when they are not in the record, in the absence of a statute requiring it to do so. 15 R. C. L. p. 1079, § 17; Nichols' Applied Evidence, Vol. 4, p. 4086; Bancroft Code Practice and Remedies, Vol. 1, § 665, p. 982; *Bowen v. Webb,* 34 Mont. 61, 85 Pac. 739; *Middle States Oil Corp. v. Tanner-Jones Drilling Co.,* 73 Mont. 180, 235 Pac. 770; *Stivers v. Byrkett,* 56 Ore. 565, 108 Pac. 1014, 109 Pac. 386; *Peters v. Walker,* 37 Idaho 195, 215 Pac. 845; *Gammon v. Ealey & Thompson,* 97 Cal. App. 452, 275 Pac. 1005. We have no statute in this state

requiring this court to take judicial notice of the rules of the superior courts. We can not, therefore, take judicial notice of the rule.

The appellant relies, next, upon Rem. Rev. Stat., §§ 241 and 464. Section 241 provides that, after appearance, a defendant is entitled to notice of all subsequent proceedings. Section 464 provides that the superior court shall have jurisdiction to vacate or modify a judgment or order for irregularity in obtaining the same. These statutes have been in existence for many years. We have nevertheless several times held contrary to appellant's present contention. In *Lindsay v. Scott*, 56 Wash. 206, 105 Pac. 462, we said:

"The appellants were not entitled to notice of the time and place of signing the findings of fact, conclusions of law, or judgment, as a matter of law, nor were they deprived of the benefit of exceptions for want of notice."

In *Allen v. Allen*, 96 Wash. 689, 165 Pac. 889, we said:

"As a matter of law, the appellant was not entitled to notice of the time and place of signing the findings of fact and conclusions of law and judgment."

See, also, *State ex rel. O. W. W. S. Co. v. Hoquiam*, 155 Wash. 678, 286 Pac. 286, 287 Pac. 670, and cases therein cited.

Under Rule of Practice XVI (Rem. Rev. Stat., § 308-16), it is not necessary or proper to take or enter exceptions to findings of fact or conclusions of law, nor is it necessary to take exceptions to the refusal of the court to make proposed findings or conclusions. Appellant, therefore, would have gained nothing by taking exceptions, nor was it in any way prejudiced by its failure to take them.

In the absence of any legal right to have the judgment vacated, the application was addressed largely to the discretion of the trial court, and the ruling thereon could, at best, be reviewed only for an abuse of that discretion. *Fisher v. Puget Sound Brick etc. Co.*, 34 Wash. 578, 76 Pac. 107. In this case, we find no abuse of the court's discretion.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.