[No. 26198. Department One. July 7, 1939.]

GRACE B. LINDBLOOM, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 91 P. (2d) 1001.

*Mifflin & Mifflin, Phil K. Eaton,* and *Clarence J. Coleman,* for appellant.

*The Attorney General, J. A. Kavaney,* and *T. H. Little, Assistants,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court sustaining an order of the department of labor and industries which denied a widow's claim. The claimant's husband was killed, almost instantly, while doing extrahazardous work.

The question upon the appeal is whether, at the time, he was an employee or operating as an independent contractor.

Carl Jorgensen owned a tract of timber land which he desired to have logged. To this end, he made a contract with Warren P. Mehner to do the logging. Mehner, in turn, contracted with H. R. Nelson and Gunnard L. Lindbloom, the husband of the claimant, to do the yarding of the logs, after they had been felled and bucked, and the loading of them upon the trucks. In doing this work, Nelson and Lindbloom furnished their own equipment, paid their operating expenses, did the work upon their own time, and in the manner and method which they determined. There was no supervision over them, and, as Nelson testified, they were their own "boss." He also testified that Mehner did not have the right to discharge them and terminate their operations. Mehner exercised no supervision over the work and had no right, under the contract, to control the manner or method by which it was carried on. These facts are supported by the testimony of Nelson, and also that of Mehner. There is no evidence in the record to overcome their testimony.

█ Under the facts, as stated, Lindbloom and Nelson were operating as independent contractors. *Fox & Co. v. State,* 166 Wash. 510, 7 P. (2d) 961; *Hammerschmith v. Department of Labor & Industries,* 177 Wash. 13, 30 P. (2d) 649; *Vance v. Department of Labor & Industries,* 188 Wash. 278, 62 P. (2d) 450.

In reaching the conclusion indicated, we have not overlooked the rule that, presumptively, a person who works on the premises of another is a servant, and the burden is upon the one upon whose premises the work is being done to establish the independent contractor relationship. *Simila v. Northwestern Imp. Co.,* 73 Wash. 285, 131 Pac. 831; *Swam v. Aetna Life Ins. Co.,* 155 Wash. 402, 284 Pac. 792.

The case which comes most nearly sustaining the appellant's position is *Burchett v. Department of Labor & Industries,* 146 Wash. 85, 261 Pac. 802, 263 Pac. 746. But in that case, it was pointed out that, while the question was not free from doubt, there was sufficient control "by the employer over the method and details of doing the work to constitute respondent an employee or servant."

█ The appellant, however, says that the contract was a mere subterfuge to avoid paying industrial insurance premiums upon the men doing the work, and invokes the rule stated in Rem. Rev. Stat., § 7685 [P. C. § 3479], which is one of the sections of the workmen's compensation act, to the effect that no employer or workman

". . . shall exempt himself from the burden or waive the benefits of this act by any contract, agreement, rule, or regulation, and any such contract, agreement, rule, or regulation shall be pro tanto void."

There is no substantial evidence to sustain this contention. The law does not prevent the owner of timber

land from entering into an independent contract to have it logged or to have a portion of the logging operations performed under such an agreement. Such contracts have been repeatedly sustained.

The judgment will be affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.

[1]Reported in 91 P. (2d) 1014.