[No. 30865. Department One. September 3, 1949.]

E. D. LANE, *Respondent and Cross-appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 209 P. (2d) 380.

*The Attorney General* and *Theodore M. Ryan, Assistant,* for appellant.

*Fred M. Bond* and *John T. Welsh,* for respondent and cross-appellant.

BEALS, J.—On or about June 19, 1939, E. D. Lane filed with the state department of labor and industries his claim for compensation and medical aid, based upon an alleged industrial injury suffered by him, June 4, 1939. This report stated that claimant was, at the time of the accident, in the employ of Willapa Harbor Lumber Mills of Raymond, Washington. October 22, 1939, the department received an "Employer's Report," signed "Willis, Lane & Lundquist, by Andy Willis," as partner, stating that, at the time of the injury, Lane was employed by that copartnership.

July 1, 1939, the department allowed the claim and classified the claimant as having a temporary total disability. Time loss was paid to November 30, 1940, and the claim was closed December 4, 1940, with a permanent partial disability award of 12.8 degrees.

January 6, 1941, claimant filed with the department his application for reopening of the claim (which was signed by E. D. Lane both as claimant and as employer), based upon his allegation that, by reason of aggravation of his

injury, his physical condition had deteriorated. March 11, 1941, the department awarded claimant an additional permanent partial disability of 16.4 degrees, making a total permanent partial disability award in plaintiff's favor of 29.2 degrees. The department closed the case on the date last mentioned.

May 3, 1941, Mr. Lane filed with the department a petition for rehearing before the joint board, which was granted. Hearings were held before the joint board, and, July 6, 1943, the joint board entered an order rejecting Mr. Lane's claim, for the reason that, at the time of his injury, he was not an employee of Willapa Harbor Lumber Mills, but was a member of the partnership employer, and had not, prior to his injury, notified the department, in writing, that he was being carried on the payroll and was within the protection of the statute. The petition for a rehearing stated that, at the time of the accident, Mr. Lane was employed by the firm of "Willis, Lane & Lundquist, a logging company."

Mr. Lane appealed to the superior court from the final order of the joint board.

The case was called for trial December 1, 1947. Counsel for the department made a preliminary motion that the court first decide, as a matter of law, whether or not Lane, on the date of his injury, June 4, 1939, was within the protection of the workmen's compensation act. The trial court refused to pass upon the motion, but took it under advisement. A jury was then empaneled and the trial proceeded, during which numerous objections were made by counsel for the department. The jury returned a verdict in favor of the plaintiff, December 2, 1947, whereupon defendant moved for judgment in its favor notwithstanding the verdict, which motion was denied by order entered January 30, 1948.

It appears, from the judgment signed by the trial court, that the questions presented by the evidence were submitted to the jury by way of special interrogatories. We

quote certain of these interrogatories, together with the jury's answers thereto:

"Interrogatory No. 1. Was the plaintiff on June 4, 1939, the date of the alleged accident an employe of the Willapa Harbor Lumber Mills, a Corporation? Answer: Yes.

"Interrogatory No. 4. Was the plaintiff properly compensated by the payment of 16.4 degrees of disability for the aggravation of his condition between the time his claim was closed and [on] December 4, 1940, and the time he petitioned to re-open the claim, to-wit January 6, 1941? Answer: No.

"Interrogatory No. 5. In what additional number of degrees do you decide that Plaintiff should be compensated for the aggravation of his condition between December 4, 1940 and January 6, 1941? Answer: 50 degrees."

The judgment recites that the plaintiff Lane filed "a remittitur reducing said amount of degrees to the sum of 20.8 degrees." The trial court entered judgment June 23, 1948, against the department of labor and industries for the sum of $624, together with $250 attorney's fees, and costs.

Defendant's counsel, who was not present when this judgment was signed, was evidently under the impression that the judgment would be signed May 28, 1948, and, supposing that it had been so signed, gave notice of appeal June 22, 1948, from the judgment, which, in fact, had not then been entered. Plaintiff moved to dismiss the appeal as premature, and, in due time, his motion was granted by this court.

Thereafter, counsel for the department moved to vacate the judgment entered June 23, 1948, basing his motion upon all of the statutory grounds set forth in Rem. Rev. Stat., § 464 [P.P.C. § 71-1]. September 24, 1948, the court granted this motion and entered an order vacating the judgment. Another judgment, similar to that of June 23rd, was signed and filed October 15, 1948.

From this latter judgment, defendant department has appealed, and the plaintiff has cross-appealed, filing a bond in support thereof.

Appellant makes the following assignment of errors:

"(1) The lower court erred in denying appellant's motion to take the case from the jury and decide as a matter of law.

"(2) The lower court erred in denying appellant's motion to take the case from the jury and dismiss.

"(3) The lower court erred in allowing respondent to introduce exhibits 'C,' 'D,' 'E,' 'F,' 'G,' 'I' and 'J.'

"(4) The lower court erred in giving instruction No. 11 to the jury and in refusing to give appellant's instruction requesting a directed verdict.

"(5) The lower court erred in denying appellant's motion for judgment notwithstanding the verdict of the jury.

"(6) The lower court erred in entering judgment in favor of respondent."

Respondent (cross-appellant) assigns error as follows:

"(1) The court erred in entering order dated September 24th, 1948 vacating the judgment entered June 23rd, 1948.

"(2) In entering judgment on October 19 [15], 1948 entering a new judgment in said cause and in fact vacating judgment June 23rd, 1948."

Respondent has moved to dismiss the department's appeal, basing his motion upon several grounds. The first four bases for respondent's motion concern the vacation of the judgment of June 23rd, and the rendition of the judgment of October 15th. Respondent argues that the order of the trial court vacating the judgment of June 23rd was void, and renews this contention by assigning error thereon as the basis for his cross-appeal.

Respondent had ample notice of appellant's motion to vacate the judgment of June 23rd, and the order vacating the same recites the presence of respondent's counsel at the time of the argument upon appellant's motion to vacate.

■ The determination of an application to vacate a judgment rests, to a considerable extent, within the sound discretion of the trial court. *Bozzio v. Vaglio*, 10 Wash. 270, 38 Pac. 1042; *Larson v. Department of Labor & Industries*, 174 Wash. 618, 25 P. (2d) 1040.

In the case at bar, we find no ground for holding that

the trial court abused its discretion in signing the order vacating the judgment of June 23, 1948.

██ Respondent also moves to dismiss the appeal, contending that no statement of facts was filed, served, or certified within ninety days from the date of entry of the judgment from which the department has appealed.

The case file contains the departmental record and a statement of facts, both of which were originally filed in connection with appellant's appeal from the judgment entered June 23rd. The record also contains an order signed by the chief justice, filed December 29, 1948, entered upon appellant's motion, directing that the departmental record and the statement of facts be transferred from cause No. 30747 (appellant's first appeal, which was dismissed) to cause No. 30865, which is the appeal now under consideration. The two documents are marked as having been transferred from one cause to the other, and are stamped "filed" in this proceeding by the clerk of this court. Of course, the regularly certified statement of facts and the departmental record concern this proceeding and no other.

We find no objection to the transfer of these portions of the record from the cause in which the appeal was dismissed to the file in the case at bar. There is also an adequate transcript, which appears to have been originally filed in this proceeding.

Respondent's motion to dismiss the appeal is denied.

Both the departmental and the superior court records in this case are extremely confused, and the briefs afford us little assistance in developing the facts and the true issues.

Respondent sought a rehearing before the joint board for the purpose of presenting his claim for additional compensation. However, the joint board, by its order, rejected respondent's claim in its entirety, upon the sole ground that respondent was not a workman, but appeared to have been a member of a partnership, which the board determined was an employer, and, that partnership not having given the department written notice of the fact that respondent was being carried on the payroll at the time he

was injured, the board held that he was not entitled, under the statute, to receive any compensation.

Upon appeal to the superior court from the order of the joint board, the only question to be determined was whether or not the departmental ruling was correct, and, upon the trial before the superior court, the issues could not be enlarged to include any matter not embraced within the departmental order from which respondent had appealed.

■ The trial court erred in submitting to the jury any question concerning the amount of compensation which respondent should receive, the court having no original jurisdiction to determine matters which were not decided by the joint board. *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7; *DuFraine v. Department of Labor & Industries,* 180 Wash. 504, 40 P. (2d) 987; *DeStoop v. Department of Labor & Industries,* 1 Wn. (2d) 340, 95 P. (2d) 1026.

The original report of the accident, filed with the department by respondent, was prepared upon a printed form furnished by the department and consisted of three parts, namely, reports by the workman, employer, and physician, respectively. The employer's report was signed by Willapa Harbor Lumber Mills.

October 22, 1939, the department received a second employer's report, which was signed by Willis, Lane, and Lundquist, as employers, by Andy Willis, a partner. October 28th following, the department received a letter, similarly signed, stating that "E. D. Lane, who was injured on June 4, 1939, was employed by us and any claim costs should be charged to our account which is No. 102,070."

The next item in the departmental record is respondent's request to reopen the claim, signed by respondent, wherein he stated that the partnership was the employer, although the statement on the part of the employer, which appears on the same form, was signed by E. D. Lane as employer.

Notwithstanding this confusion in the record, the department continued, apparently without further investigation, to pay compensation to respondent.

■■ To some extent, at least, testimony introduced before the joint board at the rehearing supports the jury's finding, on the trial before the superior court, that respondent, although a member of a partnership, was nevertheless a workman within the protection of the statute. The fact that a person is a member of a partnership does not, *ipso facto,* make the partnership an employer.

It appears, from the departmental record, that Willapa Harbor Lumber Mills had entered into a contract with the partnership. Apparently, the contract was never introduced in evidence, and, as it cannot be found in the record, we have no information concerning its provisions. If the partnership was, in fact, an independent contractor and hired men over whom it exercised exclusive control, regardless of any other employer, the partnership may well have been an employer.

In the case of *Lindbloom v. Department of Labor & Industries,* 199 Wash. 487, 91 P. (2d) 1001, we said:

"In reaching the conclusion indicated, we have not overlooked the rule that, presumptively, a person who works on the premises of another is a servant, and the burden is upon the one upon whose premises the work is being done to establish the independent contractor relationship. [Citing cases.]"

As disclosed by its order referred to above, the question decided by the joint board was: Who was Lane's employer at the time he was injured? That issue was tried before the superior court, and the record contains evidence that supports the verdict of the jury upon that point, which was the only question that should have been submitted to the jury.

After receiving the jury's verdict, the trial court should have entered a judgment embodying the finding of the jury that, June 4, 1939, the date of the alleged accident, respondent was an employee of the Willapa Harbor Lumber Mills, a corporation, and remanding the matter to the department, with instructions to proceed from that basis.

The judgment appealed from is reversed, with instructions to enter a judgment in accordance with the views

herein expressed. No costs will be allowed to either party upon this appeal.

JEFFERS, STEINERT, MALLERY, and HILL, JJ., concur.

---

October 15, 1949. Petition for rehearing denied.

[1]Reported in 209 P. (2d) 482.