[No. 32684.   Department One.   December 31, 1953.]

THE STATE OF WASHINGTON, *on the Relation of Allied Building Credits, Inc., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Howard M. Findley, Judge, Respondent.*[1]

[1]Reported in 265 P. (2d) 261.

*Wayne A. Wyman,* for relator.

*Charles O. Carroll* and *F. A. Walterskirchen,* for respondent.

OLSON, J.—After an order of default is entered in an action on a promissory note, may the trial court decline to enter a proposed judgment for plaintiff, unless proof is submitted to establish the amount of such judgment, when such amount cannot be determined either from the instrument itself or from the complaint?

Relator, in its action on a promissory note, prayed for judgment in the principal sum of $925.75, together with "late charges" in the sum of $32.16. The note was payable in monthly installments. It provided for the acceleration of the unpaid principal, if any monthly payment was not made when due, and for interest at the highest legal contract rate on principal matured. It also provided for "late charges" (five cents per dollar, maximum five dollars), "payable on any installment more than 15 days in arrears." It provided for a fee for relator's attorney as follows: "15% of the principal and interest of this note, or, at the option of the holder, a reasonable sum as attorney's fees." Relator's only allegation regarding attorneys' fees is that "a reasonable attorney's fee is the sum of $200.00."

Relator regularly obtained an order of default against defendant. It then submitted a judgment to the court for the sum of $796.91, which included the "late charges," and for an attorney's fee in the amount set forth in its complaint. The court declined to grant this judgment until relator produced evidence to establish the amounts it was entitled to recover. Relator brought this mandamus proceeding to compel the court to grant its proposed judgment without such proof.

Rem. Rev. Stat., § 411 [*cf.* RCW 4.56.160], in so far as it is pertinent here, provides:

"Judgment may be had if the defendant fail to answer to the complaint, as follows: —

"1. In any action arising on contract for the recovery of money only, the plaintiff may file with the clerk proof of personal service of the summons and complaint on one or more of the defendants. The court shall thereupon enter judgment for the amount claimed against the defendant or defendants, . . .

"2. In other actions the plaintiff may, upon the like proof, apply to the court after the expiration of the time for answering, for the relief demanded in the complaint. If the taking of an account or of the proof of any fact be necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof, or may, in its discretion, order a reference for that purpose. . . ."

■ Relator contends that its action on the note falls under subd. (1) of this statute, and that, consequently, the court cannot require proof before the entry of the proposed judgment. But the amount provided in the form of judgment submitted to the court was less than the amount demanded in the prayer of the complaint. Also, it is impossible to compute the amount of principal or interest claimed, by an examination of the note or the pleading. The payments made, or the dates of those payments, are not shown. Nor is it possible to compute the "late charges" from the documents brought to the attention of the trial court.

In this case, in the absence of any evidence, the court could not necessarily know or determine the value of the services of relator's attorney. See Canon of Professional Ethics 12, 34A Wn. (2d) 129, for considerations guiding the determination of the value of legal services. The quoted allegation in the complaint, of itself, is not sufficient to establish this amount. The parties to the note have not removed it from the realm of an unliquidated demand, by supplying the measure relator relied upon for its computation.

There are cases, of which *Tillamook Bay Fish Co. v. Mc-Govern,* 145 Wash. 403, 404, 260 Pac. 258 (1927), and the case it cites are typical, which approve the determination of attorneys' fees without proof, but they are not controlling here. In each of them, the fee was determined after a trial in which the issues of the case itself were fully heard and decided by the court. Saying that the court may determine the fee without proof in such a case, does not mean that it must so determine it in any case where, as here, it decides, in the exercise of its judicial discretion, that proof is necessary to the proper performance of its judicial function.

Consequently, we conclude that relator's action on the note is not within the provisions of subd. (1), but is within subd. (2) of the quoted statute. Defendant's default admitted relator's right to recover, but the amount of that recovery must be established by proof.

Because the trial court did not refuse to perform a duty imposed upon it by law, the writ is denied.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.